REVELLE v. THE ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, *Appellant.*

1. **Railroads**: DOUBLE DAMAGE ACT: LIMITATIONS. The statute, (R. S. 1879, § 809,) allowing double damages to the owner for stock killed on a railroad, is penal; and three years is the time limited for the commencement of actions thereunder. This limitation is absolute, and is not extended by improper acts of the defendant preventing the commencement of the action.

2. ———: ———: PLEADING. In an action brought under section 809, Revised Statutes 1879, the failure to state the time when plaintiff's stock was killed, is not necessarily a fatal defect in the statement. Where the evidence is not preserved in such a case, the appellate court would be warranted in presuming that objections to the statement upon this ground were obviated on the trial by the evidence adduced. Even if it appeared on the face of the statement that the action was not commenced within the three years limited, a judgment for plaintiff would not be reversed, unless it appeared that defendant had affirmatively relied upon the statute of limitations as a bar to the action.

*Appeal from Madison Circuit Court.*—HON. JOHN B. ROBINSON, Judge.

AFFIRMED.

The following is the statement filed with the justice: "Plaintiff states that the defendant is a corporation duly organized and existing as such under the above corporate name and style, by virtue of the general and special laws of the State of Missouri, and that as such corporation, it is the owner of that certain railroad known as the St. Louis & Iron Mountain Railroad which passes through the township of St Michael, in the county of Madison, in the State of Missouri; and that said railroad is the same formerly owned by the St. Louis & Iron Mountain Railroad Company; that the said defendant is the successor in interest of and to the said St. Louis & Iron Mountain Railroad Company; and that defendant is also the owner of the property of said company, and by agreement with said

company became liable for its debts, liabilities and torts, and especially for the cause of action hereinafter set forth; that as such corporation it was the duty of the defendant and said St. Louis & Iron Mountain Railroad Company to erect and maintain lawful fences, cattle-guards and road crossings on the sides of said railroad where the same passes in said township, through, along and adjoining inclosed and cultivated fields and uninclosed lands; that the defendant and said other company failed to so maintain in said township said fences, cattle-guards and road crossings at a point on said railroad in said township, and about between mile posts 97 and 104, on or about the — day of ——, 18—, (the plaintiff being unable to give the exact date,) by reason of which neglect and default, two jennets, each of the value of $100, one young jack of the value of $50, and one jennet of the value of $50, and belonging to plaintiff, strayed at said point, (which was not a public road or other crossing, nor a street of any town or village,) on the said railroad where the same in said township passes through, along and adjoining inclosed and cultivated fields, and were at said last named point negligently and carelessly run over and killed by the defendant and the locomotives, engines and cars which were then and there being run by the defendant and its servants and employes; that plaintiff never discovered, nor could he have discovered, that said animals had been as aforesaid, killed, until on or about the 1st day of June, 1877; that he was prevented from making discovery because defendant and its predecessor were guilty of an improper act in this, that of hiding and secreting said animals after they were killed and injured as aforesaid, so that plaintiff could not learn their whereabouts. Wherefore plaintiff demands double damages for the killing as aforesaid of said animals, in the sum of $600, as is given by the statute in such cases made and provided.

" For a second cause of action, plaintiff states that the defendant is a corporation duly organized and existing

under the above name, by virtue of the general and special laws of the State of Missouri, and that as such corporation, it is the owner of that certain railroad known as the Iron Mountain Railroad which passes through the township of St. Michael, in the county of Madison, in the State of Missouri, and that said railroad is the same formerly owned by the St. Louis & Iron Mountain Railroad Company; that said defendant is the successor in interest of and to the said St. Louis & Iron Mountain Railroad Company, a corporation, etc., and that defendant is also the owner of the property of said company, and by agreement with said company became liable for its debts, liabilities and torts, especially for the cause of action hereinafter set forth; that on or about the — day of ——, 18—, (the plaintiff not being able to give the precise date,) the plaintiff was the owner of two jennets of the value of $100 each, one young jack of the value of $50, and one young jennet of the value of $50, all of which were of the total value of $300; that said jennets and jack were then in said township of St. Michael, in the county of Madison, in the State of Missouri, and near the line of said railroad; that it is and then was the duty of the defendant and its said predecessor, the St. Louis & Iron Mountain Railroad Company to carefully and slowly run its engines and cars over the said railroad, and to use due diligence to prevent cattle and other animals from being killed, which might stray upon the track of said railroad; that it was also the duty of defendant and said Iron Mountain Railroad Company to erect and maintain a lawful, good and substantial fence on the sides of its said railroad in said township, and in the immediate vicinity in which said animals then were; that defendant and said St. Louis & Iron Mountain Railroad Company wholly failed to erect and maintain a legal or other fence on the sides of its said railroad in said township, and that by reason thereof, said jennets and said jack of plaintiff strayed upon said railroad; that being so on said railroad at and in said township, and about between

OCTOBER TERM, 1881.                    441

Revelle v. The St. Louis, Iron Mountain & Southern Railway Company.

mile posts 97 and 104, said jennets and jack were then and there negligently and carelessly run over and killed by the engines, locomotives and cars, then being very fast and carelessly run at and on said railroad at said point in said township by the agents, servants and employes of defendant; that plaintiff never discovered, nor could have discovered, that said animals had been, as aforesaid, killed, until on or about the 1st day of June, 1877; that he was prevented from making such discovery because said defendant and its predecessor were guilty of an improper act, in this, that of hiding and secreting said animais after they were killed and injured as aforesaid, so that plaintiff could not learn their whereabouts.    Wherefore plaintiff demands judgment for said sum of $300, by reason of the aforesaid killing of said jennets and jack, and for costs of suit."

*Smith & Krauthoff* and *W. R. Donaldson* for appellant.

*B. B. Cahoon* for respondent.

I.

SHERWOOD, C. J.—The sufficiency of the plaintiff's statement is the only point for our determination.    The statute on which this action is founded is, doubtless, a penal statute, (R. S. 1879, § 809; *Barnett v. Railroad Co.*, 68 Mo. 56,) and the time limited for actions to be brought in such cases, is three years.    1 R. S., § 1710.    Aside from any consideration of the date at which the act complained of was done, the statement is very full and complete; all the elements necessary to a recovery, except that one, are well and fully set forth.    We may concede at once that the excuse offered by plaintiff for failing to bring his action sooner, does not apply to this class of actions, for section 3246 of the General Statute of Limitations expressly provides that:   " The provisions of this chapter shall not extend to any action which is or shall be otherwise limited

by any statute; but such action shall be brought within the time limited by such statute." Such was our ruling in *Gerren v. Railroad Co.*, 60 Mo. 405, where section 2124, Revised Statutes 1879, (the 5th section of the Damage Act,) was under discussion. So that it will readily appear that section 3244 of the General Statute of Limitations, which treats of improper conduct on the part of defendant, is totally inapplicable to cases of this sort.

## II.

The question then arises, has the plaintiff, by failing to state the time at which the alleged injury was done, and by stating an insufficient and inadmissible excuse for such failure, stated himself out of court? We are not of opinion that he has; and these are our reasons therefor: The record shows that a trial was had before the justice of the peace, and, so far as appears, the statute of limitations was not interposed. What evidence was introduced before the magistrate, we do not know, as on appeal taken by defendant to the circuit court, the judgment was simply affirmed without a trial. It may be that any objections to the insufficiency of the statement were supplied by the evidence adduced, and we are warranted in making such favorable presumptions where the evidence is not preserved, and where there is not an absolute failure to state facts constituting a cause of action. *International Bank v. Franklin Co.*, 65 Mo. 105; *Garth v. Caldwell*, 72 Mo. 622. Besides, even if we admit that the statement shows upon its face that the statutory bar existed to plaintiff's action, the proper course for the defendant to have pursued was either to have pleaded the statute, or to have filed a motion to dismiss, or, if the cause had been tried *de novo* in the circuit court, to have asked an instruction covering the point, as was done in *Gerren's case*, *supra*. The general rule is, that a party relying on the statute as a bar, must plead it —the formality with which he makes his plea, or the man-

ner in which he urges his point, depending to a great extent upon the *forum* in which he makes this defense.

Holding these views, we shall affirm the judgment. All concur.