TIMOTHY P. FITZMAURICE, Appellant, v. JOHN
TURNEY.

Division Two, March 24, 1914.

1. PRIVATE ROAD: Failure to Open: No Damage.  Where the
only inconvenience shown by the evidence which resulted to
plaintiff from defendant's failure to open to its full width,
while an appeal was pending, a private road ordered by the
court to be opened, was a delay of two or three hours at one
time in getting through the road or lane with a hay rake,
the maxim *de minimis lex non curat* applies in a consideration
of plaintiff's suit for damages.

2. ———: ———: Penalty: Limitations.  So much of the pen-
alty allowed by the statute for failure to open up a private
road condemned for use of plaintiff as accrued more than three
years next before plaintiff files his petition is barred by Sec.
1890, R. S. 1909.

3. ———: Judgment to Open: Supersedeas: Suit for Penalty:
Appeal Pending.  The taking of an appeal from the order of
the county court directing a private road to be opened, and the
giving of a *supersedeas* bond, so far prevents the judgment
rendered by the county court from becoming a final one that
no action to recover the statutory penalty for failure to open
the road will lie until final judgment has been rendered by
the appellate court.  And that is true notwithstanding Sec.
10440, R. S. 1909, provides that no appeal from the county
court shall, "prior to the determination thereof in the circuit
court, operate as a *supersedeas* of the proceedings in the
county court," since appeals in all matters affecting private
roads are governed by section 3056, and not by section 10440,
and hence the penalty prescribed by section 10454 is not re-
coverable while said appeal is pending, an appeal bond having
been given and approved.

4. ———: ———: No Time Fixed: No Penalty Recoverable.  Af-
ter a judgment of the circuit court ordering the opening of a
private road has been affirmed by the Supreme Court and its
mandate sent down to the circuit court, said court should fix
a time within which said road is to be opened; and until
said time is fixed by an order of court, the successful plain-
tiff cannot recover from the derelict landowner the penalty
prescribed by Sec. 10454, R. S. 1909.

Appeal from Holt Circuit Court.—*Hon. William C.
Ellison*, Judge.

AFFIRMED.

*W. H. Haynes* and *Harry M. Dungan* for appellant.

The petitioner was entitled to the use of the whole width of twenty feet, as established by the court, and for which he paid damages. If the landowner had the right to reduce the width to twelve feet, and in some places to eight feet, as the evidence shows, then he had a right to reduce it to a less width. The judgment of the court, establishing the road, fixed the width at twenty feet and nothing less in surrendering possession by the landowner for the road will answer. He is subject to the penalty, fixed by the statute, unless he surrenders the full width. The evidence in the case amply establishes the fact that, from the day fixed by the county court, to wit, May 1, 1905, for the opening of the road, until the trial of this cause in the circuit, to-wit, April 29, 1910, a period of five years, the respondent disobeyed the solemn judgments of three courts.

*H. T. Alkire* for respondent.

Plaintiff's alleged cause of action is for the recovery of the statutory penalty for failure to comply with the order of the county court to open the road as established by the judgment of said court. The statute upon which such action is based is penal in its nature. And "This being true the statute must be strictly construed and applied only to such cases as come clearly within its provisions and manifest spirit and intent. The rule seems to be that in an action under such statutes, it is especially necessary that the petition should state facts which will authorize an infliction of the penalty, and if the petition does not state the facts to bring the party liable under the statute by its very terms, the defects there-

in cannot be cured by a verdict." Bradshaw v. Tel-
Co., 150 Mo. App. 715. (2) The appeal from the
judgment of the county court removed the cause to
the circuit court for trial anew "in the same manner
as if such cause had originated in such appellate court,
without regarding any error, defect, or informality
in the proceedings of the county court," and operated
as a *supersedeas* of the judgment of the county court.
Secs. 3956, 4091, R. S. 1909; Colville v. Judy, 73 Mo.
651; State ex rel. v. Wiethaupt, 238 Mo. 155; State ex
rel. v. McElhinney, 246 Mo. 44. (3) The uncontra-
dicted testimony showed that within sixty days after
the date of the judgment of the circuit court, respond-
ent did open a roadway substantially as established
by the judgment of the said circuit court. This road
was thereafter continuously used by the appellant and
by the public as a public road and appellant was there-
by estopped from recovering the penalties sued for.

FARIS, J.—Plaintiff sued in the Holt Circuit
Court for accrued penalties under section 9466, Re-
vised Statutes 1899, now section 10454. He bases his
action on a judgment of the county court against de-
fendant for a private road by which he avers it be-
came defendant's duty to open this road for plaintiff's
travel and use on May 1, 1905. This plaintiff says de-
fendant failed and refused to do from May 1, 1905,
till plaintiff filed this action, 1542 days thereafter—
the date of filing the action does not otherwise appear
—for which default plaintiff prays judgment for the
penalty affixed by statute in the total sum of $7710.
The court *nisi* at the close of plaintiff's evidence, sus-
tained a demurrer thereto, and plaintiff appealed.

As to the antecedent facts, the petition avers and
the proof shows that on March 15, 1905, plaintiff pro-
cured a judgment in the county court of Holt county
condemning as a private way of necessity for plaintiff
over defendant's land, a strip off the farm of defend-

ant twenty feet wide and 506 feet long. For his damages a jury in the county court assessed against plaintiff and in favor of defendant here, the sum of $350 and costs. The county court entered a proper judgment of condemnation. The plaintiff paid to the county treasurer the sum so found by the jury as damages for defendant, and the county court ordered defendant to open this strip as a private road for plaintiff's use on *May 1, 1905*. Defendant appealed to the circuit court, filing a timely appeal bond in the sum of $200. On a trial in the circuit court the findings and judgment of the county court were in all things affirmed, defendant's damages were again fixed at $350, the strip of land condemned for plaintiff as a private way, and defendant given till *thirty days after May 3, 1905*, within which to open the strip to plaintiff's use. Defendant thereupon appealed to this court, where the judgment of condemnation was affirmed and all mooted matters down to the judgment finally settled. [Fitzmaurice v. Turney, 214 Mo. 610.] This case was decided here on the 25th day of November, 1908, and the mandate of this court was ordered by the said Holt Circuit Court to be *"spread on the record"* thereof on January 16, 1909.

It appears from the evidence offered that along the route over which the said private road was sought, there had been for some forty-five years, as one witness says, a lane, called a ''cattle-lane,'' which prior to the condemnation suit was closed by gates which were usually kept locked. This lane varied in width from about eleven feet at the narrowest place therein to about fifteen and a half feet at the widest point thereof, and except for a distance of 143 feet where the condemned strip began veering away from the lane on a tangent, the old lane was within the said strip; only some fifty-seven feet of the land being wholly off the strip.

The circuit court when it tried the original condemnation suit, fixed June 2, 1905, instead of May 1, 1905, as fixed by the county court, as the date at which the strip should be opened. Plaintiff did not appeal. "Something near sixty days, may be"—to use the words of plaintiff here—after the condemnation suit was concluded below, which would put it about July 1, 1905, the gates to the old lane were opened, and thereafter for the full remaining period of the 1542 days sued for and more, plaintiff, as well as the neighbors and the public so desiring, used this lane as a road freely, without let or hindrance, except such inconvenience as arose from its narrowness. Till this suit was brought no objection, formal or informal, seems ever to have been urged or voiced by plaintiff against the road's narrowness. No execution was sued out, or any "precept" asked for or issued by the county court to further open this lane as and for the road condemned. But one instance of inconvenience, or lack of sufficient width of the road for plaintiff's uses, is shown by the record. This consisted of difficulty in getting a hay rake through the lane; plaintiff averring that he once spent two and a half hours in getting a twelve-foot hay rake through this lane. In all other ways and in all other respects, so far as the record discloses, the road was open sufficiently for the uses and needs of plaintiff. In damages as compensation for this inconvenience and for accrued penalty plaintiff sues for $7710.

Defendant put in no evidence, since the case fell down short of this point. In his answer he discloses a very comprehensive defense: (a) a general denial of all things not thereafter expressly admitted; (b) that the several appeals, appeal bonds having been given, acted as supersedeases; (c) that all penalties accruing three years next before action brought are barred by the Statute of Limitations; (d) that the road was almost wide enough, and (e) that plaintiff by his use of

the road for many years without objection, waived its lack of full width.

Upon the court's sustaining the demurrer of defendant to the evidence of plaintiff, the latter appealed, assigning as error generally the act of the trial court in sustaining the said demurrer. Appellant ingenuously admits in his brief that he does not know what induced the court to sustain this demurrer, and in effect we are asked to ascertain for him, if we can. To this effort we devote the subjoined opinion.

I. Before reaching the merits and the points mooted, we deem it our duty to say that this action, as did its predecessor here between the same parties, bears every earmark of a spite suit. There was little if any merit in the preceding case (Fitzmaurice v. Turney, 214 Mo. 610), and but little in this, though the courts have been vexed with one phase or the other of it for nine years almost. The only actual delay or inconvenience, upon which real damages to plaintiff could have accrued, so far as the record shows, was that accruing to him from the fact that on one occasion it took him two and a half hours to get a rake through this lane. We do not know how long it would have taken him to have gotten this rake through if the road had been twenty feet wide, nor do we know how much his time was worth per hour; so, we cannot tell even now exactly the sum of plaintiff's actual loss on account of defendant's default. We do know, however, that seven thousand seven hundred and ten dollars is entirely too much to ask, such sum being something over eleven hundred dollars per front foot of land detained from opening to plaintiff's use. No court anywhere could be found to enforce so unconscionable a demand, and especially as a sequel to actions so useless and uncalled for. We think that if other reasons bottomed upon rules of law now fairly well settled had failed us, we might well have invoked the maxim *de minimis lex non*

*curat,* applied it to the inconvenience suffered, and so disposed of the case.

II.   It is clear that the contention of respondent here, who was defendant below, that so much of the penalty here sued for as accrued more than three years next before the day on which plaintiff filed his petition, is barred by section 1890, Revised Statutes 1909.   This needs no argument, since this is an action for a penalty, and all such are barred in three years.   [Section 1890, supra; State ex rel. v. Arkansas Lumber Co., not yet officially reported.]   This view, however, does not dispose of all of the case, but only two years of it.

III.   It is strenuously contended by learned counself for plaintiff that section 10440 applies to the appeal here, and that since the above section provides that no appeal from the county court shall "prior to the determination thereof in the circuit court, operate as a supersedeas of the proceedings of the county court," action against defendant lies for this penalty, the several appeals taken in the former case to the circuit court and to this court notwithstanding.   This is the controlling question in this case, and with a fact or two, hereafter to be considered in connection with it, disposes of the whole case.

As far back as 1881 it was held by this court that an appeal is given in a proceeding in the county court to condemn a private way of necessity, not by virtue of the statute providing for appeals in the matter of damages and for opening and vacating public roads, but by virtue of the general statute conferring the right of appeal; or to be exact, by virtue of the statute conferring appellate jurisdiction on circuit courts *"from the judgments and orders of the county courts, in all cases not expressly prohibited by law."*   [Colville v. Judy, 73 Mo. 651.]   This identical question was up for ruling in the late case of State ex rel. v. Wiethaupt, 238 Mo. 1. c. 163.   After a very learned

and exhaustive examination into the history of the law relating to public roads, and comparing it with that providing for the condemnation of private ways of necessity, it was ruled that appeals in all matters affecting private roads are governed by section 3956, as contended here by respondent, and not under section 10440, as appellant urges. That case on this point is decisive of this case, for having carefully examined these two statutes and the history of them and the views of the learned judge who wrote the opinion of the court in State ex rel. v. Wiethaupt, we see no reason to disagree with the conclusion which was there reached. [State ex rel. v. McElhinney, 246 Mo. 44.] We refer the bar to the case of State ex rel. v. Wiethaupt, supra, and so need not again burden the books with a discussion of the question. If then the appeal here is governed by section 3956, and not by section 10440, it is evident that the bottom falls out of plaintiff's case. For while it is true that section 10454, upon which this action is bottomed, provides thus:

"If any owner of real estate, against whom final judgment has been given as designated in the preceding section, shall neglect or refuse to open said road within the time specified in the said judgment, he shall forfeit and pay to the person in whose favor judgment was given five dollars per day as a penalty for each day that it remains unopened, to be recovered in an action of debt before any court having jurisdiction; and the county court shall have power, and it is hereby authorized upon the application of the person interested, to issue its precept, directed to the officer of its court, to open said road immediately, and the costs of the proceeding shall be paid by the person so refusing to open said road: Provided, the damage shall have been previously paid to the county treasurer, as designated in this article;" nevertheless the taking of an appeal and the giving of a *supersedeas* bond, so far prevents the judgment rendered by the county

court from becoming a final one within the purview of the above section, that no action of this sort will lie till final judgment has been rendered by the appellate court.

This view disposes of the case, except it may be asked, whether even under this view there be not left a period of time under the facts here for which the right is left in plaintiff to recover penalty from a period thirty days after January 16, 1909, till the road was finally opened to the full condemned width in June or September, 1909? This question is bottomed on the suggestion that the affirmance of the judgment in Fitzmaurice v. Turney, 214 Mo. 610, had the effect to reinstate in full virtue and force the judgment of the circuit court of Holt county, which gave to defendant thirty days after May 3, 1905, within which to open this road.

Pretermitting as not necessary to a decision here on this point, the question of waiver urged against plaintiff, on account of his use without objection for many years of the road lacking full width as it did, and also the further question as to whether plaintiff may in any case lie quietly by for many years and let the penalty he avers to be due him grow to monumental dimensions before he demands it in fact or by bringing suit; we are yet constrained to hold that recovery under the facts here cannot be had for this period even, or for any time whatever, regardless of the matter of waiver, and regardless of the rule which forbids acts of neglect or dereliction of duty, by which the damages accruing to a person are augmented. This for the reason that when the judgment below in the original action between the parties here was affirmed by this court and went back to Holt county, the only order made there was that it should be "*spread upon the record.*" No time was fixed within which defendant should thereafter open the condemned road to the full width of twenty feet. The provisions of section

10453 contemplate that the owner of land condemned for a private road may be by the court given an extra period of time to construct fences and "to gather growing crops," if the facts shall make necessary the granting of such additional time, not exceeding six months for the first and all necessary time for the latter of these purposes. The appeal did not destroy the right of one standing in the shoes of defendant to have the circuit court consider the existing conditions and write into its judgment an order fixing the time within which such defendant could build his fences and remove and gather his crop, if perchance he had crops upon the ground at the time the case got back to Holt county. In the absence of a time fixed and given by the judgment of the circuit court of Holt county of January 16, 1909, defendant was not compelled to open this road at any definite date, so far as the penalty here is concerned. The order made by the Holt circuit court after the former case got back there, was otherwise, to say the very least, exceedingly informal. [McQuillin's Missouri Practice, sec. 2295.] There should have been included in it an order fixing, or renewing, the time to defendant to deliver possession, since the old or former order as to such time had lapsed by reason of the appeal and the delay thereunto incident. As it happened here, the time formerly given might have been amply sufficient. But we are compelled to make a general rule which will apply to all cases. The next case of this sort may be affirmed in a case where much fencing is required and when there is a crop upon the land in dispute which will require six months or more within which to mature. This is a penal action of a sort so severe as to be almost confiscatory, and in the absence of a renewal order to deliver possession in compliance with the provisions of section 10453, plaintiff cannot recover even for the time elapsed after January 16, 1909. We have already disposed of other days for which the penalty

is sought. These views lead us to the conclusion that the learned judge *nisi* was correct in his ruling, and that the judgment should be affirmed. It is so ordered. *Walker, P. J.,* and *Brown, J.,* concur.