George F. POWELL et al., Appellants,

v.

ST. LOUIS DAIRY COMPANY, a Corporation, et al., Appellees.

No. 16345.

United States Court of Appeals
Eighth Circuit.

April 1, 1960.

William H. Biggs, St. Louis, Mo., presented oral argument in behalf of appellants.

Jacob M. Lashly, St. Louis, Mo., presented oral argument in behalf of appellee St. Louis Dairy Co.

Oral argument waived on behalf of appellees Pevely Dairy Co., Quality Dairy Co. and Milk Wagon Drivers and Inside Dairy Workers Local Union No. 603.

Before GARDNER, VOGEL and VAN OOSTERHOUT, Circuit Judges.

VOGEL, Circuit Judge.

■ These six consolidated actions were brought under § 4 of the Clayton Act, 15 U.S.C.A. § 15, for treble damages by individuals against named dairies and a union. All suits were filed in the District Court for the Eastern District of Missouri on June 17, 1955, and alleged that certain conspiracies were entered into by the defendants on or about July 1, 1950. Defendants moved jointly to dismiss the complaints for the reason that on their face the claims sued on arose more than three years prior to the filing of the actions and were accordingly barred by the applicable statutes of limitations. The District Court granted the motions and a judgment of dismissal was entered. This appeal resulted.

It is conceded that at the time in question there was no federal statute of limitations applicable to § 4 of the Clayton Act.[1] It is also conceded that in the absence of such a federal statute, the statutes of the state where the suit is brought apply. The Missouri statutes, insofar as they may possibly be applicable, are as follows: Section 516.130(2), Revised Statutes of Missouri, 1949, V.A.M.S.:

"516.130. What actions within three years.

"Within three years:

"(1) * * *

"(2) An action upon a statute for a penalty or forfeiture, where the action is given to the party aggrieved, or to such party and the state."

"516.400. When penalty goes to party aggrieved, three years

"All actions upon any statute for any penalty or forfeiture, given in whole or in part to the party aggrieved, shall be commenced within three years after the commission of the offense, and not after."

1. On July 7, 1955, Congress passed 69 Stat. 283, Section 4B to the Clayton Act specifically imposing a four-year limitation upon suits brought thereunder, such amendment effective January 7, 1956, 15 U.S.C.A. § 15b.

"516.120. Within five years:

\* \* \* \* \* \*

"2. An action upon a liability created by a statute other than a penalty or forfeiture."

If the causes of action herein come within the purview of either § 516.130 or § 516.400, they are barred as having been commenced more than three years after the commission of the alleged offenses. If § 516.120 is applicable, the actions are not barred. The sole issue, then, is whether or not, for purposes of applying the Missouri statute of limitations, the treble damage provision of the Clayton Act is penal or remedial.

The District Court, after citing the Missouri statutes and analyzing the decisions of the Missouri courts, stated:

"Aside from this Court's own conclusion as to the penal nature of the Clayton Act in question, it is this Court's further conclusion that the line of Missouri cases previously cited indicate that the Missouri Supreme Court determined similar cases as penal in nature and therefore, if directly called upon to interpret the Clayton Act, would hold it to be penal in nature.

"Therefore, plaintiffs' actions fall within the statutory provisions of limitations involving actions penal in nature, viz., § 516.130 and § 516.400, and provide for the barring of the action after three years."

In appealing to this court for reversal of the judgment of dismissal, appellants contend that the court erred in holding controlling the decisions of the Missouri courts interpreting their three-year statute of limitations and urge that federal decisions should govern the characterization of § 4 relief.

 While there are some District Court holdings to the contrary, we think the correct rule is that, where a state statute of limitations applies to a federal cause of action, the federal courts are bound by the state court construction of those statutes. Chattanooga Foundry & Pipe Works v. City of Atlanta, 1906, 203

U.S. 390, 27 S.Ct. 65, 51 L.Ed. 241, cited by both parties to the instant controversy, involved an action by the City of Atlanta against members of an unlawful trust to recover three-fold damages. Mr. Justice Holmes, speaking for the court, stated, 203 U.S. at page 397, 27 S.Ct. at page 66:

"Thus we come to the main question of the case, namely, which limitation under the laws of Tennessee is applicable, the matter being left to the local law by the silence of the statutes of the United States. Rev. Stat. § 721 U.S.Comp.Stat.1901, p. 581; Campbell v. [City of] Haverhill, 155 U.S. 610 [15 S.Ct. 217, 39 L.Ed. 280]. \* \* \* The circuit court of appeals held that the case did not fall within 2772 or 2773, but only within 2776, and therefore was not barred. Although the decision is appealed from, *as this question involves the construction of local law, we cannot but attribute weight to the opinion of the judge who rendered the judgment, in view of his experience upon the supreme court of Tennessee.* And although doubts were raised by the argument, we have come to agree with his interpretation in the main." (Emphasis supplied.)

The United States Court of Appeals for the 7th Circuit had the identical question before it in Hoskins Coal & Dock Corp. v. Truax Traer Coal Co., 7 Cir., 1951, 191 F.2d 912, 913, certiorari denied 1952, 342 U.S. 947, 72 S.Ct. 555, 96 L.Ed. 704. It concluded that to ascertain the state statute of limitations applicable to an action for treble damages under § 4 of the Clayton Act the court

"\* \* \* must look to the statutes of the state where the cause of action arises and in which suit is brought, Chattanooga Foundry & Pipe Works v. City of Atlanta, 203 U.S. 390, 397, 27 S.Ct. 65, 51 L.Ed. 241, and, *in determining which of several provisions of the state statute will control, we are bound by the interpretations of those statutes by the courts*

*of the State.* Dibble v. Bellingham Bay Land Co., 163 U.S. 63, 16 S.Ct. 939, 41 L.Ed. 72; Bauserman v. Blunt, 147 U.S. 647, 13 S.Ct. 466, 469, 37 L.Ed. 316; Pufahl v. Estate of Parks, 299 U.S. 217, 57 S.Ct. 151, 81 L.Ed. 133. In Bauserman v. Blunt, supra, the court quoted with approval this language from Leffingwell v. Warren, 2 Black 599, 603, 17 L.Ed. 261: 'The courts of the United States, in the absence of legislation upon the subject by congress, recognize the statutes of limitations of the several states, and give them the same construction and effect which are given by the local tribunals. * * * The construction given to a statute of a state by the highest judicial tribunal of such state is regarded as a part of the statute, and is as binding upon the courts of the United States as the text.' " (Emphasis supplied.)

The court also stated, 191 F.2d at page 914:

"We think plaintiff's reliance upon Chattanooga Foundry & Pipe Works v. City of Atlanta, 203 U.S. 390, 27 S.Ct. 65, 51 L.Ed. 241 is misplaced. The court held that no federal limitation existed; that the applicable statute was that of Tennessee and, approving Judge Lurton's analysis of the decisions of that state, that the pertinent limitation was 10 years. Here, as there, the applicable limitation is that of the state. There the state determination was that the 10 year statute applied; here the state determination is that the two year statute controls. In other words, in Illinois, actions such as this are, as decided by the highest court of the state, barred within two years. This, under Bauserman v. Blunt, 147 U.S. 647, 13 S.Ct. 466, 37 L.Ed. 316, is binding on us. The District Court properly dismissed the suit."

The Court of Appeals for the 3rd Circuit met the issue squarely in Gordon v. Loew's, Inc., 3 Cir., 1957, 247 F.2d 451, wherein, in an excellent opinion by Judge Maris, it held, at pages 455, 457:

"In determining that question we must, we believe, take that statute to have the meaning and scope which the New Jersey courts have given it in relation to state suits analogous to federal antitrust actions.

\* \* \* \* \* \*

"It is suggested that section 4 of the Clayton Act cannot thus be held to be a penal statute because the Supreme Court of the United States held in Chattanooga Foundry & Pipe Works v. City of Atlanta, 1906, 203 U.S. 390, 27 S.Ct. 65 [51 L.Ed. 241] that the five years limitation upon suits 'for the enforcement of any civil fine, penalty or forfeiture, pecuniary or otherwise' imposed by the predecessor of section 2462 of title 28, United States Code, was not applicable to such a suit. It must, of course, be conceded that such a suit is not for a penalty within the meaning of the federal statute of limitations now incorporated in section 2462. But it does not follow that the law which authorizes such a suit to be brought may not be a penal statute within the meaning of section 2A:14–10 of the New Jersey Revised Statutes."

The 3rd Circuit has on two subsequent occasions reaffirmed the conclusion of Gordon v. Loew's, Inc., supra. Carlton Lamp Corp. v. General Electric Co., 3 Cir., 1958, 254 F.2d 815 and Dean Oil Co. v. American Oil Co., 3 Cir., 1958, 254 F.2d 816, certiorari denied 1958, 358 U.S. 835, 79 S.Ct. 58, 3 L.Ed.2d 72.

A very recent decision of the 2nd Circuit added its weight to the doctrine espoused by the 7th and 3rd Circuits. In Bertha Bldg. Corp. v. National Theatres Corp., 2 Cir., 1959, 269 F.2d 785, 788, the court explained:

"Whether the three year or six year statute is to be applied by the federal court, the latter must accept the statutes as construed and interpreted by the New York courts. It

is for them to determine what is meant by the word 'penalty' in the three year statute."

The 1955 amendment creating a federal statute of limitations for § 4 resulted from the express recognition by Congress that local constructions of various state statutes of limitations had led to these actions being considered penal in some jurisdictions and remedial in others. Senate Report No. 619 accompanying H.R. 4954, 84th Cong., 1st Sess., at pages 4–5, U.S.Code Congressional and Administrative News 1955, p. 2331. We, therefore, conclude that the District Court correctly determined that the application of the Missouri statutes of limitations depends upon the construction of those provisions by its state courts and turn next to an examination of those decisions.

In a careful analysis of the Missouri cases, the trial judge stated:

"There are many cases in Missouri which have held double and treble damages, in similar situations, as penal for the purposes of the statutes of limitations. See, e. g., Young v. [Kansas City, St. J. & C. B.] Railway Company, 33 Mo.App. 509 (involving treble damage provisions in favor of a person charged a rate in excess of permissible rates); McCormick v. Kaye, 41 Mo.App. 263 (involving action for treble or double damages under the trespass statute); Vroom v. Thompson [227 Mo. App. 531], 55 S.W.2d 1024 (involving civil liability imposed upon a corporation officer); Revelle v. St. Louis, I. M. & S. Ry. Co., 74 Mo. 438 (involving double damage provision for failure of railroad to maintain proper right of way); Fitzmaurice v. Turney [256 Mo. 181], 165 S.W. 307 (involving penalty for each day that a private road remained closed after being ordered open); Bru[u]n v. Katz Drug Co., Inc. [359 Mo. 334], 221 S.W.2d 717 (discussing recovery of damages by a person improperly discharged by a corporation). Also see Ratican v. Terminal Railroad Ass'n, 114 Fed. 666 (8th CCA) (holding that an action under Section 8 of the Interstate Commerce Act [49 U.S.C.A. § 8], where the federal law provided no limitation, seeking recovery of a penalty for discrimination in rates, is governed by the Missouri statute of limitations applying to penalty and forfeiture)."

In addition to the decisions cited by the District Court, a number of Missouri cases hold that statutory damages for vexatious delay of an insurance company are penal. See, Howard v. Aetna Life Ins. Co., 1942, 350 Mo. 17, 164 S.W.2d 360, 366; Aufrichtig v. Columbia National Life Ins. Co., 1923, 298 Mo. 1, 249 S.W. 912, 916; Willis v. American National Life Ins. Co., Mo.App. Springfield 1956, 287 S.W.2d 98, 103. Of additional significance is the fact that the Supreme Court of Missouri, sitting en banc, in State on Information of Dalton v. Miles Laboratories, 1955, 365 Mo. 350, 282 S.W. 2d 564, 567, footnote 1, held that:

"Section 516.360, the three-year statute of limitations, is applicable in proceedings under the Missouri anti-trust statutes. State ex inf. Attorney General v. Arkansas Lumber Co., 260 Mo. 212, 283–285, 169 S.W. 145, 167–168(9)."

These decisions, plus the opinion of the able District Judge, who prior to his appointment to the federal bench was for many years a Missouri Circuit Judge, remove any doubt from the proposition that Missouri courts, in interpreting its statutes of limitations, would conclude that an action brought under the Clayton Act for treble damages is penal and would apply to it the three-year statute of limitations.

Affirmed.