The STATE of Missouri, at the Relation of Don THOMASON, Commissioner of Agriculture, Appellant,

v.

Wilfred E. ROTH, doing business as Wimpy's IGA Foodliner, Respondent.

No. 49654.

Supreme Court of Missouri,

Division No. 2.

Nov. 11, 1963.

Thomas F. Eagleton, Atty. Gen., Wayne W. Waldo, John H. Denman, Asst. Attys. Gen., Jefferson City, for appellant.

Roberts & Roberts, Farmington, for respondent.

STOCKARD, Commissioner.

This is an appeal by the State of Missouri from a judgment dismissing its petition in a suit brought at the relation of Don Thomason, Commissioner of Agriculture, under the Unfair Milk Sales Practices Act (hereafter referred to as the "Act"), Sections 416.410 to 416.560 (all statutory references are to RSMo 1959, V.A.M.S.), to enjoin certain alleged illegal practices by Wilfred E. Roth, doing business as Wimpy's IGA Foodliner at Ste. Genevieve, Missouri. Before referring to the allegations of the petition we shall set forth the provisions of the Act relevant to this appeal.

Section 416.410 defines certain terms, and subsection (10) thereof defines a "Nonprocessing retailer" as "any person, not a processor [defined to be any person who is engaged in the business of processing or packaging bulk milk or other materials into milk products], engaged in the business of transferring title within the state to milk products for a consideration where such product is to be used or consumed by the purchaser and is not to be resold or used for the purpose of manufacture or further processing." Section 416.425 provides that "No nonprocessing retailer shall, with the intent or with the effect of unfairly diverting trade from a competitor, or otherwise injuring a competitor, or of destroying competition, or of creating a monopoly, advertise, offer to sell or sell within the state of Missouri, any milk product for less than cost to the retailer." Section 416.480 of the Act provides that "The remedies provided for in sections 416.410 to 416.560 are exclusive and no criminal fines or penalties shall be imposed for violation of sections 416.410 to 416.560."

One such remedy is provided for by Section 416.450 as follows: "In any case in which a complaint is made in writing to the commissioner by a person claiming to be injured because milk products are being offered for sale or sold in violation of the provisions of sections 416.410 to 416.560, the

commissioner shall forthwith cause an investigation to be made of the complaint, and if, in the judgment of the commissioner, the investigation reveals that there is probable cause for the complaint, the commissioner shall call upon the attorney general or the prosecuting attorney of any county in which a violation of the provisions of sections 416.410 to 416.560 occurs to institute an injunction suit in a court of competent jurisdiction of the county in which the alleged violations took place to restrain the violations of sections 416.410 to 416.560 as may be revealed by the investigation; and it is the duty of the attorney general or prosecuting attorney to institute and prosecute the injunction suits." In connection with this remedy, Section 416.475 provides that upon the filing of the complaint referred to in Section 416.450, "the commissioner shall require of the complainant, a bond in the sum of one thousand dollars to defray the expenses of the necessary investigation incident to the complaint."

Another remedy is provided for in Section 416.455. "Any person who is injured in business or property by reason of another person's violation of any provision of sections 416.410 to 416.560 may intervene in the suit for injunction instituted pursuant to section 416.450, against the other person or he may bring a separate action and recover three times the actual damages sustained as a result of the violation, together with the costs of the suit, or may sue to enjoin the violation of any provision of sections 416.-410 to 416.560."

Sections 416.490 and 416.505 provide for a third remedy, but it is limited to violations of the Act on the part of "any person" who operates "a milk or milk products manufacturing or processing plant" within this state, or without this state and sells, offers for sale or distributes milk or milk products in this state. There is no contention that defendant is included within this classification. Such persons are required to obtain a license from the Commissioner who is "authorized and empowered to suspend or revoke the license of any person * * * or refuse to issue a license to any applicant therefor if the commissioner, after a public hearing, has found that the applicant has violated any of the provisions of sections 416.410 to 416.560, or the rules and regulations adopted hereunder." In the event any such person is making sales within this state without first having acquired a license from the Commissioner, "the attorney general or the prosecuting attorney shall bring suit * * * to enjoin the sales or distribution of milk or milk products." In addition, the Commissioner, or his authorized agents or representatives, are authorized and empowered to issue and enforce a written "stop-sale" order to the owner or custodian of the milk products.

We turn now to the allegations of the petition in this case. It alleged that Wilfred E. Roth is a retail merchant in Ste. Genevieve, Missouri, doing business as Wimpy's IGA Foodliner; that he is a nonprocessing retailer as defined in the Act, and that he is engaged in the business of selling milk products; that on April 2, 1962, he violated Section 416.425 in that he offered for sale and sold two one-half gallon cartons of Grade "A" milk for the price and consideration of fifty-five cents, and the sale of said milk products at said price was a sale for less than cost to the defendant retailer; and that all of this was done with the intent or with the effect of unfairly diverting trade from a competitor, or otherwise injuring a competitor, or of destroying competition or of creating a monopoly. In the reply it was admitted that the Commissioner "has not received a complaint in writing specifically alleging that the defendant had sold or offered for sale milk products in violation of the various provisions of sections 416.410 to 416.560," but it was alleged that the Commissioner "has received many oral complaints against the defendant by persons claiming to be injured" by his sales of milk in violation of the Act, that he had investigated the complaints and that "such investigation reveals that there is probable cause of such complaints."

The trial court dismissed the petition for the reason that "the filing of a written complaint by some person claiming to be injured with the Commissioner of Agriculture and the posting of a bond * * * are conditions precedent to the maintenance of an injunction proceeding by the Commissioner of Agriculture," and that "the exclusive remedies for the enforcement of the terms of the Unfair Milk Sales Practices Act are contained in said Act and that the Commissioner of Agriculture may not avail himself of the general statutes concerning injunctive relief, but must strictly comply with the requirements of the Unfair Milk Sales Practices Act."

■■ In regulatory police measures of this nature the Legislature may in its discretion, within limits not here material, provide what acts shall be considered wrongful, and may prescribe, also within limits not here material, what the remedy may be in the event of a violation. See Borden Company v. Thomason, Mo., 353 S.W.2d 735. In clear and unequivocal language the Legislature has provided in Section 416.480 that in the event of a violation of Section 416.425 the remedies provided for in the Act "are exclusive." The only remedy available at the instigation of the Commissioner provided for in the Act in the event of a violation of Section 416.525 by a nonprocessing retailer is that set forth in Section 416.450 which authorizes the Commissioner to seek an injunction, but only if he has received a complaint in writing, made by a person claiming to be injured because of a violation of Section 416.425. We think the language of Section 416.450 is clear in this respect and that a reasonable interpretation of the language used can lead only to this conclusion.

We note that Section 416.455 authorizes any person who has been injured in business or property because of a violation by another of Section 416.425 may intervene in the suit for injunction instituted by the Commissioner, or he may bring a separate action for damages and also "may sue to enjoin the violation" of Section 416.425. For this person to invoke this remedy by way of a separate action no written complaint to the Commissioner is required. We note also that as to processors or distributors the Commissioner is vested with authority to invoke remedies in the event of violations of the Act which do not require that a complaint in writing be filed with him. Undoubtedly the Legislature purposefully and intentionally provided for these distinctions in providing the exclusive remedies under the Act. We, as a court, are not concerned with the wisdom of the limitation provided for in the remedy available to the Commissioner to prevent violations of the Act by a nonprocessing retailer. That is a legislative question. Also we need not rule in this case whether the state, irrespective of authority similar to that in Section 416.450, would be entitled to invoke the general statutes pertaining to injunctive relief to enjoin violations of a regulatory measure enacted under its police powers. The Legislature has declared that as to the Unfair Milk Sales Practices Act the remedies therein provided are exclusive, and if the Legislature chooses to so limit the enforcement of such a regulatory police measure it is not for the courts to say otherwise.

■ The Attorney General relies primarily on the language in a part of Section 416.540. Prior provisions of the Act provide for "service of process in suits brought under the provisions" of the Act. Section 416.540 then provides that "The foregoing provisions relative to service of process in suits against nonresidents shall not be deemed to prevent actual personal service in this state upon a nonresident in the time, manner, form, or under the conditions provided for service on residents, [*] and nothing contained in sections 416.410 to 416.560 shall be construed as in any manner limiting, affecting or repealing any cause of action, right, or method of procedure now provided by law, but the provisions of said sections are cumulative and in addition to any existing right, remedy, cause of action, and method of procedure." The

Attorney General quotes only that part of the above section following the asterisk in brackets which we have inserted, and asserts that by reason of it and the implied powers of the Commissioner, he is entitled to sue to enjoin a violation of Section 416.425 by a nonprocessing retailer even though no written complaint has been filed with him. To give to Section 416.540 the interpretation contended would result in Section 416.-480 having no meaning or purpose whatever; a result to be avoided if possible in the construction of a statute. State ex rel. St. Louis Die Casting Corp. v. Morris, 358 Mo. 1170, 219 S.W.2d 359; State ex rel. Wright v. Carter, Mo., 319 S.W.2d 596. Section 416.540 makes it clear that the powers of the Commissioner otherwise granted to him are not to be reduced, but in view of the provision that the remedies provided for in the Act are exclusive there is no "cause of action, right, or method of procedure now provided by law" granting him authority to maintain this suit for an injunction absent a complaint made to him in writing. While the Commissioner has "by implication such powers as are necessary for the due and efficient exercise of those expressly granted, or such as may be fairly implied therefrom," 67 C.J.S. Officers § 107, p. 379, it cannot be said that because he has the express power to obtain an injunction if a written complaint is filed with him, he has the implied power to obtain an injunction in the absence of a written complaint.

We note that the Legislature has enacted into law Senate Bill No. 126, which has become effective after the entry of the judgment from which this appeal has been taken, and which amends Section 416.450 of the Act to read, in the part here material, as follows: "In any case in which a complaint is made in writing to the commissioner by a person claiming to be injured because milk products are being offered for sale or sold in violation of the provisions of sections 416.410 to 416.560, *or in which such violations are apparent to the commissioner,* the commissioner shall forthwith cause an investigation to be * * *." The italicized words constitute the amendment made to Section 416.450. Regardless of the existing authority of the Commissioner by reason of the above amendment, the issue before us is the correctness of the judgment of the trial court under the law prior to the amendment. For the reasons above set forth we conclude that the petition was properly dismissed.

The judgment is affirmed.

BARRETT, C., concurs.

PRITCHARD, C., not sitting.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.