Jack L. COLLIER, d/b/a Collier's Dairy Products Company, Plaintiff-Respondent,

v.

Wilfred E. ROTH, d/b/a Wimpy's I. G. A. Foodliner, Defendant-Appellant.

No. 9035.

Springfield Court of Appeals, Missouri.

May 13, 1971.

**58**

James S. Newberry, O'Herin & Newberry, Malden, for plaintiff-respondent.

J. Richard Roberts, Dearing, Richeson, Roberts & Wegmann, Hillsboro, for defendant-appellant.

TITUS, Presiding Judge.

The jury concluded that plaintiff had been damaged in the sum of $3,000 because of defendant's violations of the Unfair Milk Sales Practices Act [1] by selling milk at retail for less than cost. § 416.425. In response to plaintiff's claim that § 416.455 [2] required recovery of three times the actual damages awarded, the trial court entered a $9,000 judgment. Among other things on appeal, defendant asseverates that allowance of the statutory penalty was discretionary with the trier of the facts and that the jury, rather than the trial court, should have determined whether or not plaintiff was entitled to treble the amount of his actual damages.[3]

Section 416.455 (quoted marginally in footnote 2) offers three methods by which a person injured by another's violation of the act may undertake to restrain or redress the wrong. He may intervene in an injunction suit commenced by the commissioner of agriculture under § 416.450, or he may institute his own injunction action, or, as plaintiff did here, "he may bring a separate action and recover three times the actual damages sustained." Prehension of the complexity posed by defendant's complaint necessitates recognition that the statutory alternative chosen by plaintiff is enmeshed in a complex sentence composed of a subordinate clause ("recover three times the actual damages sustained") which is wholly reliant upon the independent clause ("he may bring a separate action") for a subject ("he") and an auxiliary verb ("may"), and that the subordinate clause, to be made grammatically independent, would inferentially read, *"he may* recover

1. Secs. 416.410–416.560. All Missouri statutory references are to RSMo 1969, V.A.M.S.

2. Sec. 416.455—"Any person who is injured in business or property by reason of another person's violation of any provision of sections 416.410 to 416.560 may intervene in the suit for injunction instituted pursuant to section 416.450 against the other person or he may bring

a separate action and recover three times the actual damages sustained as a result of the violation, together with the costs of the suit, or may sue to enjoin the violation of any provision of sections 416.410 to 416.560."

3. For more details of the facts, see Collier v. Roth, Mo., 434 S.W.2d 502, and State ex rel. Thomason v. Roth, Mo., 372 S.W.2d 94.

three times the actual damages sustained." Cf. In re Perkins, 234 Mo.App. 716, 726–727, 117 S.W.2d 686, 692(5); Application of Graham, 239 Mo.App. 1036, 1047, 199 S.W.2d 68, 75. Predicated on this construction of the dependent clause, defendant urges that use of the permissive verb "may," as opposed to use of the mandatory verb "shall," illustrates a legislative intent that the allowance of treble damages is not required in every case and should be left to the discretion of the trier of the facts. State ex inf. McKittrick v. Wymore, 343 Mo. (banc) 98, 109, 119 S.W.2d 941, 944(7), 119 A.L.R. 710, 717(8); 57 C.J.S. May at p. 456; 80 C.J.S. Shall at p. 138. To the contrary, plaintiff argues that a statute can be mandatory absent the word "shall," that the words "may" and "shall" are used interchangeably in laws without regard to their literal meaning [4] [Kansas City, Mo. v. J. I. Case Threshing Mach. Co., 337 Mo. (banc) 913, 931(8), 87 S.W. 2d 195, 205(15–17)], and as § 416.455 "is quite similar to the treble damage section in the Clayton Act [15 U.S.C.A. § 15] it would be clear that the legislature intended to give the injured party treble damages in order to obtain the assistance from the public in the enforcement of this law." Both the Eighth Circuit Court of Appeals and our Supreme Court [5] have opined that § 416.455 "is identical in substance" to § 15 of the Clayton Act, but neither of these cases, nor the others concerned with the Missouri act,[6] have been involved with our task, and a perusal of 15 U.S.C.A. § 15 [7] at-

tests that our answer cannot be found through a collation with the federal statute. That section of, the Clayton Act, unlike § 416.455, contains the words "may" and "shall," and brings to mind the statutory construction rule that if both permissive and mandatory verbs are used in the same statute, "it is a fair inference that the legislature realized the difference in meaning, and intended that the verbs used should carry with them their ordinary meanings."[8] Plaintiff adds, in effect, that "shall" is a verb denoting future tense, so its omission from § 416.455 was to make the sentence grammatically correct and not for the purpose of indicating that the allowance of treble damages was discretionary. Although usage of "shall" in the first person, singular or plural, expresses simple futurity, in the second or third persons, as we have here, it expresses determination, promise, obligation, command, compulsion, permission or inevitability. The American Heritage Dictionary of the English Language, p. 1189.

■ The ultimate goal in statutory construction is to ascertain and give effect to the legislative intent. Learned v. Godfrey, Mo. (banc), 461 S.W.2d 5, 7; Edwards v. St. Louis County, Mo. (banc), 429 S.W.2d 718, 722(4); Foremost Dairies, Inc. v. Thomason, supra, 384 S.W.2d at 659(5). Doctrines and theories of statutory construction employed as aids in this search are legion and frequently present incomprehensible conflicts. Therefore, in

---

4. Provided, of course, such has been determined to be the intent of the legislature.

5. Dean Foods Company v. Albrecht Dairy Company, 8 Cir., 396 F.2d 652, 658, aff'g Albrecht Dairy Company v. Dean Foods Company, E.D.Mo., 269 F.Supp. 329; Collier v. Roth, supra, 434 S.W.2d at 504.

6. Foremost Dairies, Inc. v. Thomason, Mo. (banc), 384 S.W.2d 651; Borden Company v. Thomason, Mo. (banc), 353 S.W.2d 735; State ex rel. Thomason v. Adams Dairy Company, Mo., 379 S.W. 2d 553; State ex rel. Thomason v. Roth, supra, 372 S.W.2d 94.

7. 15 U.S.C.A. § 15—"Any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws *may sue* therefor * * * *and shall recover* threefold the damages by him sustained, * * * *." (Our emphasis).

8. 3 Sutherland Statutory Construction, 3d ed, § 5821, at p. 116; United States v. Tapor-Ideal Dairy Company, N.D.Ohio, 175 F.Supp. 678, 682(2), aff'd, 6 Cir., 283 F.2d 869; State ex rel. Hopkins v. Stemmons, Mo.App., 302 S.W.2d 51, 54.

seeking the proper tenets of statutory construction applicable to this cause, it is well to ascertain the nature of the particular statute involved. The Unfair Milk Sales Practices Act is not a criminal statute because it contains no criminal penalties (Borden Company v. Thomason, supra, 353 S.W.2d at pp. 750 and 755), but that portion of § 416.455 with which we are concerned is, nonetheless, penal in nature. Irrespective of whether the other parts of the act be regarded as noncriminal or remedial (82 C.J.S. Statutes § 388, pp. 918–922), the broad definition of "penal statutes" encompasses laws that permit recovery of a penalty by an individual as well as by public prosecution (82 C.J.S. Statutes § 389 a, pp. 922–924), and Missouri statutes which allow individuals to recover double and treble damages and statutory damages for vexatious delay have been declared to be penal. Powell v. St. Louis Dairy Company, 8 Cir., 276 F.2d 464, 467. Mulct provisions of a statute are to be given no broader an application than is warranted by the plain terms of the law and are to be strictly construed. City of Charleston ex rel. Brady v. McCutcheon, 360 Mo. (banc) 157, 163–164(1), 227 S.W.2d 736, 738(1, 2); 82 C.J.S. Statutes § 389 b(1), pp. 924–931. Where a statute is remedial in one part and penal in another, it should be considered as penal when enforcement of the penalty is sought. City of St. Louis v. Carpenter, Mo., 341 S.W.2d 786, 788(3), 87 A.L.R.2d 1219, 1222(4). Also to be given attention in this case is the fact that selling milk, or any other item, for less than cost is normally greeted with enthusiasm by the inflation-weary consumer, who would be the last to classify such a statutory transgression as mala in se.

█ Auxiliary to divining legislative intent in § 416.455 is the precept that statutes relating to the same subject matter must be considered together, although they be found in different chapters and were enacted at different times. State ex rel.

Smithco Transport Company v. Public Service Commission, Mo. (banc), 316 S.W. 2d 6, 12–13(6). It is not unusual for the legislature, either in permissive or mandatory language, to make specific provisions for the recovery of damages and penalties by injured parties (Christy v. Petrus, 365 Mo. (banc), 1187, 1193, 295 S.W.2d 122, 127), and the General Assembly is presumed to be aware of the interpretation of existing statutes by appellate courts. Wright v. J. A. Tobin Construction Company, Mo.App., 365 S.W.2d 742, 744(3). Examples of legislative use of the mandatory word "shall" for imposing penal damages may be found in §§ 537.285 to 537.520, but when the General Assembly employed the auxiliary verb "may" in §§ 375.296, 375.420 and 537.520, it was held to manifest a legislative intent that the allowance of penal damages was to be discretionary with the trier of the facts. Aufrichtig v. Columbian Nat. Life Ins. Co., 298 Mo. 1, 15, 249 S.W. 912, 916(7);[9] Commercial Credit Corp. v. Joplin Automobile Auction Co., Mo.App., 430 S.W.2d 440, 445. We do not overlook that in Albrecht Dairy Company v. Dean Foods Company, supra, 269 F.Supp. 329, and pursuant to § 416.455, the trial court awarded treble damages to the plaintiff, but it is to be noted that the court in that case, and not a jury as in this case, was the fact trier. The Unfair Milk Sales Practices Act is part of Chapter 416, entitled "Monopolies, Discriminations and Conspiracies," and a more poignant application of the comparative method to come by legislative intent may be exercised by limiting comparisons to the laws contained in that particular chapter. It is well to observe that § 416.090 provides the injured person "may sue therefor * * * and *shall* recover threefold the damages by him sustained" (our emphasis), whereas § 416.-455 contains no such mandatory direction. It seems reasonable that had the General Assembly been intent upon making the allowance of treble damages mandatory un-

9. In the official Missouri reports it is "Columbia" Nat. Life Ins. Co.; in the Southwestern Reporter the title is "Aufrichtig v. Columbian Nat. Life Ins. Co."

der § 416.455, it would have followed the pattern previously set by § 416.090.

Additional extrinsic aids to statutory construction involve an examination of the law's history [St. Louis Southwestern Railway Co. v. Loeb, Mo. (banc), 318 S.W.2d 246, 252(1)], and a determination of the reason for the statute's enactment. Mashak v. Poelker, Mo. (banc), 367 S.W.2d 625, 626(1). The judicial history of the Missouri act is recorded in the cases previously cited in footnotes 5 and 6, yet none of these, except in a most cursory fashion, deal with § 416.455. Save for §§ 416.450, 416.500 and 416.505, the act has gone unchanged since it was sired by the 70th General Assembly in 1959, so the judicial and legislative history of § 416.455 is virtually nonexistent. It is, however, significant that the Missouri act was patterned after the Dairy Law of the State of Tennessee (Borden Company v. Thomason, supra, 353 S.W.2d at 741), and that the Tennessee law (§§ 52–333(B) (1) (c) milk and 52–341(B) (1) (c) frozen desserts) does not make mandatory the imposition of treble damages.[10] Broadly speaking, the Unfair Milk Sales Practices Act was designed to prevent the sale of milk products below cost to insure the public an adequate supply of these items. The principal enforcement weapon furnished is injunction, and the law is intended to be enforceable albeit the offender has no desire to injure another and has no criminal or willful intent to do a wrong. Borden Company v. Thomason, supra, 353 S.W.2d at 742 and 753.

We have no authority to read "shall" into that part of § 416.455 under consideration unless its insertion is plainly indicated [Bussmann Manufacturing Co. v. Industrial Commission, Mo.App., 335 S.W. 2d 456, 460(6)], and we do not believe such an addition would be justified for several reasons. As already said, the word "may" would ordinarily be implied as a part of the involved subordinate clause in the statute (Webster's New World Dictionary of the American Language, College ed., p. 909), and had the legislature intended otherwise, it would have been a facile matter for it to have written the mandatory word "shall" into the clause as it has done many times on other occasions. Whether a merchant who offers milk for sale, together with a thousand other items, is actually selling it below cost may present an accounting problem most difficult to solve, even for a conscientious tradesman or an astute accountant, and, remembering that this law may be violated merely because the sale of milk below cost has "the effect of unfairly diverting trade from a competitor," the interpolation of the word "shall" into this statute would have the effect of mandatorily enforcing a severe penalty against persons who might unintentionally and unwittingly violate the law, or who could breach its provisions with no criminal or willful intent to do so and with no design to harm any other person. We cannot attribute to the legislature an intent that the penalty should be imposed in every case regardless of the degree of violation, especially when we labor under the admonition that the statute must be strictly construed when the aggrieved party seeks enforcement of the penalty. Admittedly, there have been and will be cases where imposition of a treble damages penalty is warranted. Nevertheless, in this instance we interpret the legislative intent to echo Mikado's Song and "let the punishment fit the crime," thereby endowing the trier of the facts with the right to determine under what conditions and circumstances an award of the penalty is proper. See Swall v. Anderson, 60 Cal.App.2d 825, 141 P.2d 912, 914–915(5).

Thankfully, it is not our lot to say if the evidence adduced at trial would or would not justify the allowance of the penalty provided by § 416.455. At least in the first instance, as we believe, whether the

---

10. Both cited sections of the Tennessee law provide that "if the complainant is found to have been damaged the [chancery] court *may* in its discretion decree such aggrieved person's damages treble the amount proved." (Emphasis added).

penalty is to be imposed is for the trier of the facts. While we conclude that error was committed when the trial court entered judgment tripling the actual damages assessed by the jury, it is evident that plaintiff, as well as the court, "misconceived" the provisions of § 416.455 and that plaintiff thereby suffered a "misadventure" when the jury was not instructed that it could, if it should think fit, allow three times the actual damages sustained. Cf. Grissom v. Handley, Mo.App., 410 S.W.2d 681, 690(17). For the reasons stated we must reverse the judgment. In the interest of justice to afford plaintiff the opportunity he forewent due to the "misadventure," we must also remand the case for a new trial. Because the pleadings, issues, evidence and instructions may be different upon retrial, we need not discuss or determine the additional claims of error made by the defendant. Heberer v. Duncan, Mo. (banc), 449 S.W.2d 561, 565. It is, therefore, the order of this court that the judgment nisi is reversed and the cause is remanded to the circuit court from whence it came for a new trial.

STONE and HOGAN, JJ., concur.