# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2327

_____

Bridget Rashaw; Matthew Hutchinson,   *
                                               *

      Plaintiffs - Appellants,         *

                                               *

      v.                                  *

                                               *

United Consumers Credit Union,    *

                                               *

      Defendant - Appellee.       *

_____

No. 11-2329             Appeals from the United States

_____           District Court for the

                                   Western District of Missouri.

Michael J. Knight,             *

                                               *

      Plaintiff - Appellant,        *

                                               *

      v.                                  *

                                               *

Central Communications Credit Union,   *

                                               *

      Defendant - Appellee.       *

_____

No. 11-2331

_____

Bernard W. Moran,              *

                                               *

      Plaintiff - Appellant,        *

      v.                                  *

Missouri Central Credit Union,

Defendant - Appellee.

_____

Submitted: February 15, 2012
Filed: July 17, 2012
_____

Before LOKEN, BYE, and MELLOY, Circuit Judges.
_____

LOKEN, Circuit Judge.

Four named plaintiffs filed three separate class action lawsuits in state court alleging, *inter alia*, that three Missouri credit unions, by participating in a subprime motor vehicle lending and investment program administered by now-bankrupt Centrix Financial, LLC ("Centrix"), violated provisions of the Missouri Uniform Commercial Code ("Mo UCC") and the Missouri Merchandising Practices Act ("MMPA"). Defendants removed under the Class Action Fairness Act, 28 U.S.C. § 1332(d), and moved to dismiss the complaints. The district court[1] issued three identical orders dismissing all the state law claims. Plaintiffs appeal the dismissal of the statutory claims; we granted their unopposed motion to consolidate the three appeals. We review the dismissals *de novo*, taking the allegations in the complaints as true. See O'Neal v. State Farm Fire & Cas. Co., 630 F.3d 1075, 1077 (8th Cir. 2011) (standard of review). We agree with the district court that plaintiffs' Mo UCC claims are time-barred, although our analysis of that issue is somewhat different, and that the MMPA expressly exempts Missouri credit unions. Accordingly, we affirm.

_____

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

# I. The Mo UCC Claims.

The limitations issue presented on appeal requires us to define relationships between statutes of limitations that have been part of the codified Missouri statutes since 1865. The law declared by the State's highest court governs these questions of state law. Washington v. Countrywide Home Loans, Inc., 655 F.3d 869, 873 (8th Cir. 2011). Here, the crucial issue is whether the Supreme Court of Missouri would follow a recent decision by the Missouri Court of Appeals that completely ignored controlling Supreme Court decisions under prior codifications of the relevant statutes that in our view required a contrary decision.

The complaints allege that each plaintiff obtained a secured motor vehicle loan from a defendant credit union under the "Portfolio Management Program" administered by Centrix as agent for the credit unions. Plaintiffs allege that, after loan defaults, the credit unions through the actions of Centrix violated Revised Article 9 of the Mo UCC by sending deficient collateral disposition notices before selling the repossessed vehicles. See Mo. Rev. Stat. §§ 400.9-611-614.[2] The notices were sent between December 20, 2004, and January 20, 2005. The complaints were filed between November 24 and December 15, 2010, nearly six years later.

The Missouri statutes of limitations for civil actions include two provisions governing actions to enforce statutory liabilities: an action "upon a liability created by a statute other than a penalty or forfeiture" must be commenced within five years, Mo. Rev. Stat. § 516.120(2); an action "upon a statute for a penalty or forfeiture, where the action is given to the party aggrieved, or to such party and the state," must be commenced within three years, Mo. Rev. Stat. § 516.130(2). The parties agree that

---

[2]The purpose of these requirements is to "apprise a debtor of the details of a sale of collateral so that he or she may take whatever action is necessary to protect his or her interest therein." Victory Hills Ltd. P'ship I v. Nationsbank, N.A., 28 S.W.3d 322, 330 (Mo. App. 2000).

the violations of Revised Article 9 of the Mo UCC alleged by plaintiffs are statutory liabilities. Thus, it would seem that those claims, filed nearly six years after receipt of the allegedly deficient collateral disposition notices, are clearly time-barred.

The issue arises because a long-standing but rarely applied statute provides a six-year limitations period for some actions to recover penalties or forfeitures from "moneyed corporations":

> None of the provisions of sections 516.380 to 516.420 shall apply to suits against moneyed corporations or against the directors or stockholders thereof, to recover any penalty or forfeiture imposed, or to enforce any liability created by the act of incorporation or any other law; but all such suits shall be brought within six years after the discovery by the aggrieved party of the facts upon which such penalty or forfeiture attached, or by which such liability was created.

Mo. Rev. Stat. § 516.420. Plaintiffs argue this six-year limitations period applies because the defendant credit unions are "moneyed corporations." They further argue that the remedy provided in § 400.9-625(c)(2) for violations of the Mo UCC collateral disposition notice requirements is a penalty.[3]

In arguing that § 516.420 applies to their claims, plaintiffs rely primarily on Schwartz v. Bann-Cor Mortgage, 197 S.W.3d 168, 178 (Mo. App. 2006). In that case, defendant argued that a claim under the Missouri Second Mortgage Loan Act was a claim for a penalty barred by the three-year statute of limitations in Mo. Rev.

---

[3]This statute provides that, if the collateral is consumer goods, the debtor may recover "in any event an amount not less than the credit service charge plus ten percent of the principal amount of the obligation or the time-price differential plus ten percent of the cash price." Plaintiffs also argue that the possibility a deficiency judgment will be barred under § 400.9-626(b) is a forfeiture. The "no notice-no deficiency" remedy is not prescribed in § 400.9-626(b) and thus may not be a statutory liability. See Victory Hills, 28 S.W.3d at 330.

Stat. § 516.130(2). The Court of Appeals instead held that the six-year statute of limitations in § 516.420 applied. After thoroughly reviewing the New York origins of this 1865 statute, the Court concluded that the term "moneyed corporations" includes real estate mortgage lenders. Id. at 171-77. The court then dealt summarily with the question whether § 516.130(2) or § 516.420 applied:

> Section 516.130(2) would apparently apply here if this were not an action against a "moneyed corporation." Section 516.420 is the more specific statue of the two because it deals with claims against "moneyed corporations." The fact that section 516.130(2) does not fall into the range of the specific excepted statutes mentioned in 516.420 makes no difference in that section 516.420 remains the more specific statute between the two.

Id. at 178 (emphasis added; footnote omitted).[4] In the district court, although defendants vigorously argued that § 516.420 does not apply at all to plaintiffs' claims, the court accepted the contrary conclusion in Schwartz but then ultimately concluded that § 516.420 does not apply to these claims because the remedies in § 400.9-625 are not "penalties or forfeitures." Though that is the issue plaintiffs primarily argue on appeal, the threshold conclusion in Schwartz requires a closer look.

The problem with that conclusion is most sharply focused by the Supreme Court of Missouri's decision in State ex rel. Fichtner v. Haid, 22 S.W.2d 1045 (Mo. 1929), upholding Fichtner v. Mohr, 16 S.W.2d 739 (Mo. App. 1929). In that case, plaintiff sued the directors of an insolvent bank -- clearly a "moneyed corporation" --

---

[4]In Fielder v. Credit Acceptance Corp., 19 F. Supp. 2d 966, 975 (W.D. Mo. 1998), the district court reached the same conclusion, simply citing an earlier Missouri Court of Appeals decision that did not address this issue, Nolan v. Kolar, 629 S.W.2d 661, 664 (Mo. App. 1982). We did not discuss the issue in vacating the decision in Fielder on other grounds, 188 F.3d 1031 (8th Cir. 1999). In our view, Schwartz is the relevant precedent in deciding this appeal.

to recover lost deposits. The action was filed more than five but less than six years after the bank failed. The Supreme Court held that it would not disturb the Court of Appeals decision that the action was for a statutory penalty, it accrued when the bank failed, and therefore it was barred by the three-year statute of limitations in the predecessor to § 516.130(2). 22 S.W.2d at 1047-48. Neither Court cited the predecessor to § 516.420, yet if Schwartz was correctly decided, that statute would have compelled a conclusion that the claim was not time-barred because it was filed within six years. Likewise, in Vroom v. Thompson, 55 S.W.2d 1024, 1025-27 (Mo. App. 1932), the court held that a claim against the directors of a moneyed corporation was time-barred by the three-year limitation in the predecessor to § 516.130(2) even though the predecessor to § 516.420 as construed in Schwartz would have compelled a contrary conclusion.

The lack of any reference to the predecessor to § 516.420 in these early cases is no doubt attributable to the Supreme Court of Missouri's prior decision in State ex inf. Attorney General v. Arkansas Lumber Co., 169 S.W. 145 (Mo. 1914). In that case, the Attorney General sought large fines and the forfeiture of corporate charters for a long-running price fixing conspiracy that violated the Missouri antitrust statutes. The Attorney General argued that no statute of limitations applied; the Court rejected that argument as contrary to a specific statute. Id. at 168. Defendants argued for a three-year limitations period under both the predecessor to § 516.130(2) *and* the predecessor to § 516.400, a statute included in the preamble to § 516.420 that applies to "actions upon any statute for any penalty or forfeiture, given in whole or in part to the party aggrieved."[5] The Supreme Court agreed that three years was the applicable limitations period but firmly rejected the latter contention:

> The sections quoted from the criminal law, and providing for
> limitations for the bringing of actions for penalties and forfeitures, as

_____

[5]The parties' arguments are reported in 1914 Mo. LEXIS 119 at pp. 4-5.

> urged by [defendants], do not apply, for the very clear reason that this, as we have seen above, is a civil action, and not a criminal action; therefore the statute of limitations providing for the time within which civil actions must be brought [the predecessor to § 516.130(2)] must govern and guide us.

Id. at 171. With this clear precedent, the Court and the parties in Haid had no reason to revisit the issue a few years later.

The next intriguing question is why the Court of Appeals in Schwartz, which looked carefully at the history of § 516.420, overlooked these earlier, seemingly controlling Supreme Court decisions. We suspect the answer lies in the statutory recodification process. The precursors to § 516.120(2) and § 516.130(2) were enacted as § 4 *Second* and § 5 *Second* of the Laws of 1849, pp. 74-75. In the General Statutes of 1865, the Legislature for the first time included two distinct three-year statutes of limitations for actions for statutory penalties and forfeitures. One -- the precursor to § 516.130(2) -- appeared in the Chapter entitled, "of the Limitation of Real and Personal Actions," Ch. 191 § 11 (where the precursor to § 516.120(2) also appeared as Ch. 191 § 10). The other -- the precursor to § 516.400 -- appeared in the Chapter entitled, "of the Limitation of Criminal Prosecutions and Actions on Penal Statutes," Ch. 190 § 8. Chapter 190 also included the precursor to § 516.420 and the other statutes excepted by the preamble to § 516.420. See Ch. 190 §§ 6-10. A good indication of the scope of Chapter 190 is that §§ 1-5 prescribed the statutes of limitations for criminal prosecutions. In other words, § 516.420 was initially enacted as part of the criminal laws of the State.

The dichotomy first appearing in Chapters 190 and 191 of the General Statutes of 1865 persisted throughout the next eighty years of recodifications. Indeed, the separation became more pronounced. In the Revised Statutes of 1919, for example, the statutes at issue in Haid, the precursors to § 516.120(2) and § 516.130(2) are found

in § 1317 and § 1318 of Chapter 12, the Civil Procedure Code, whereas the precursors to §§ 516.380-.420 are found in §§ 3741-45 of Chapter 25, the Criminal Procedure Code. The same distancing can be found in the Revised Statutes of 1929 and 1939. No wonder, then, that the Courts in Haid and in Vroom saw no need to discuss the precursors to § 516.420 in applying the precursors to § 516.130(2).

This structural landscape changed dramatically in the Revised Statutes of 1949, when the Committee on Legislative Research broke off the statutes of limitations for criminal prosecutions, now found primarily in Mo. Rev. Stat. § 556.036, from the statutes of limitations for actions on penal statutes. The latter were placed in a subchapter of Chapter 516 entitled, "Actions on Penal Statutes," which contained *only* §§ 516.380-.420. Chapter 516 also contains § 516.120(2) and § 516.130(2) in a subchapter entitled, "Personal Actions and General Provisions." We find nothing in this restructuring even hinting that the revisers intended to alter the scope of § 516.420. As construed by the Supreme Court of Missouri since at least its Arkansas Lumber decision in 1914, that statute applied only to penalties and forfeitures authorized by criminal ("penal") statutes, not to penalties and forfeitures authorized in civil statutes, which are governed by § 516.130(2). Thus, the Legislature's omission of § 516.130(2), a civil statute, from the listing in § 516.420 of the criminal statutes of limitations that do not apply to "moneyed corporations" was substantive and intentional. In concluding otherwise, Schwartz misinterpreted these statutes by overlooking the significance of the "Actions on Penal Statutes" subchapter in Chapter 516 of the 1949 recodification.

The final question is what the Supreme Court of Missouri would make of this complex and confusing history. The Court might decide that Schwartz provides the best interpretation of the current § 516.420. But Schwartz ignored both relevant legislative history and what should have been controlling (though dated) Supreme Court precedents. In Hughes Development Co. v. Omega Realty Co., 951 S.W.2d

615, 616-17 (Mo. 1997), the Court concluded that "Missouri appellate courts have lurched unevenly" in applying these statutes of limitations for "nearly a century and a half" and therefore felt "fully justified in ignoring the precedent in favor of the statute itself." We conclude the Court would do the same if presented with this question and would hold that § 516.420 is limited to penal statutes and does not apply to civil actions to recover penalties and forfeitures governed by § 516.130(2).

With § 516.420 limited in this fashion, plaintiffs' Mo UCC claims are time-barred whether they are claims for statutory liabilities governed by the five-year statute of limitations in § 516.120(2), or by the three-year statute of limitations in § 516.130(2) for actions "upon a statute for a penalty or forfeiture, where the action is given to the aggrieved party."[6] We therefore affirm the district court's dismissal of the Mo UCC claims because we agree that these claims clearly accrued when plaintiffs received the allegedly facially deficient collateral disposition notices. See Chem. Workers Basic Union Local No. 1744 v. Arnold Sav. Bank, 411 S.W.2d 159, 165 (Mo. banc 1966), applying Mo. Rev. Stat. § 516.100; see also Powel v. Chaminade Coll. Preparatory, Inc., 197 S.W.3d 576, 584 (Mo. banc 2006) ("all possible damages do not have to be known, or even knowable, before the statute accrues"). Given these conclusions, we need not decide and do not consider whether the remedies in §§ 400.9-625(c)(2) and .9-626(b) include "penalties or forfeitures," nor whether the defendant credit unions are "moneyed corporations."

---

[6]Plaintiffs' broader argument that § 516.420 applies to all statutory actions against moneyed corporations, based on the statute's reference to "any liability . . . created by any other law," plainly cannot survive the statute's limited application to penal statutes. Accord Glen v. Fairway Indep. Mortg. Corp., 265 F.R.D. 474, 476-77 (E.D. Mo. 2010).

## II. The MMPA Claims.

Plaintiffs' complaints alleged that the credit unions violated the MMPA, Mo. Rev. Stat. §§ 407.010 et seq., which prohibits deceptive conduct in connection with the sale of merchandise, by making material omissions when the car loans were made, using collateral disposition notices that violated the Mo UCC, and using misleading communications when the Mo UCC violations were discovered. The district court dismissed these claims as barred by the MMPA's express exemption for Missouri credit unions:

> Nothing contained in this section shall apply to . . . (2) Any institution, company, or entity that is subject to chartering, licensing, or regulation by . . . the director of the division of credit unions under chapter 370 . . . unless such director[] specifically authorize[s] the attorney general to implement the powers of this chapter or such powers are provided to either the attorney general or a private citizen by statute.

§ 407.020.2. On appeal, conceding that the defendant credit unions are chartered and subject to regulation in Missouri, plaintiffs argue that the district court erred when it failed to narrowly construe the exemption by ruling (i) that it does not apply to claims that "relate directly to the federal regulation of Defendants," and (ii) that the second clause of § 407.020.2 "negates the exemption" because the MMPA in § 407.025 allows private citizens to "implement the powers" of Chapter 407 by recovering monetary losses caused by unlawful practices. The district court rejected these contentions as contrary to the plain language of § 407.020.2. We agree. The contention that one provision of the MMPA completely negates another violates well-accepted principles of statutory construction.

Like the district court, we need not address whether the MMPA claims are time-barred. See Owen v. Gen'l Motors Corp., 533 F.3d 913, 921 n.6 (8th Cir. 2008) (five-year limitations period in § 516.120 applies to MMPA claims).

-10-

The judgments of the district court are affirmed.

_____