# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-3428

_____

Jerry W. Washington; Golda M. Washington

*Plaintiffs - Appellants*

v.

Countrywide Home Loans, Inc.

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: November 21, 2013
Filed: March 17, 2014

_____

Before BENTON, BEAM, and SHEPHERD, Circuit Judges.

_____

BENTON, Circuit Judge.

Jerry W. and Golda M. Washington sued Countrywide Home Loans, Inc., alleging violation of the Missouri Second Mortgage Loan Act (MSMLA). The district court[1] dismissed the Washingtons' claims as barred by the three-year statute of

---

[1]The Honorable Fernando J. Gaitan, Chief Judge, United States District Court for the Western District of Missouri.

limitations of § 516.130(2) RSMo. The Washingtons appeal, invoking the six-year statute of limitations of § 516.420 RSMo or, alternatively, the application of the "continuing or repeated wrong" exception. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

I.

The Washingtons are the named plaintiffs and proposed representatives of a putative class of Missouri homeowners who obtained residential second-mortgage loans from Countrywide. The Washingtons' loan proceeds were disbursed in April 2005, when interest began accruing. Countrywide assessed four additional charges against the Washingtons' disbursement: (1) a $690 loan discount, (2) a $100 settlement/closing fee, (3) a $60 document processing/delivery fee, and (4) $37.80 in prepaid interest. After an audit, Countrywide determined that the first two charges should not have been assessed and wired $790 to the title company to be included in the loan disbursement.

The Washingtons sued in state court on May 6, 2008, alleging that the four additional charges violate the MSMLA, §§ 408.231 to 408.241 RSMo. Countrywide removed the case to federal court. *See* **28 U.S.C. §§ 1332(d), 1453**. The Washingtons seek to recover the charges plus all interest paid on the loans, relying on §§ 408.236 and 408.562 RSMo. *See* **Washington v. Countrywide Home Loans, Inc.**, 655 F.3d 869 (8th Cir. 2011).

The district court found that the accrual date of the Washingtons' cause of action was April 21, 2005. Because this suit was filed over three years later, the court dismissed the Washingtons' claims as time barred by § 516.130(2) RSMo. The district court relied on *Rashaw v. United Consumers Credit Union*, 685 F.3d 739, 744 (8th Cir. 2012), *cert. denied*, 133 S. Ct. 1250 (2013). The Washingtons argued for the six-year statute of limitations of § 516.420 RSMo. They relied on *Schwartz v. Bann-*

*Cor Mortgage*, 197 S.W.3d 168, 178 (Mo. App. 2006), which *Rashaw* rejected as not stating the law declared by the Supreme Court of Missouri. The Washingtons appeal. This court reviews de novo a district court's determination of state law, applying the same standard as the district court. ***Salve Regina Coll. v. Russell***, 499 U.S. 225, 231 (1991).

Under § 516.130(2) RSMo, an "action upon a statute for a penalty or forfeiture, where the action is given to the party aggrieved" must be commenced within three years. However, actions for penalties or forfeitures against "moneyed corporations" face a six-year statute of limitations under § 516.420 RSMo. In *Schwartz*, the Missouri Court of Appeals applied this six-year statute of limitations to an MSMLA action, reasoning that § 516.420 is the "more specific statute." ***Schwartz***, 197 S.W.3d at 178.

This court disagreed in *Rashaw*. Reviewing the statutory history and cases by the Supreme Court of Missouri, this court concluded:

> The [Supreme Court of Missouri] might decide that *Schwartz* provides the best interpretation of the current § 516.420. But *Schwartz* ignored both relevant legislative history and what should have been controlling (though dated) Supreme Court precedents. . . . We conclude the [Supreme Court of Missouri] would . . . hold that § 516.420 is limited to penal statutes and does not apply to civil actions to recover penalties and forfeitures governed by § 516.130(2).

***Rashaw***, 685 F.3d at 744.

"When determining the scope of Missouri law, we are bound by the decisions of the Supreme Court of Missouri. If the Supreme Court of Missouri has not addressed an issue, we must predict how the court would rule, and we follow decisions from the

-3-

intermediate state courts when they are the best evidence of Missouri law." ***Eubank v. Kansas City Power & Light Co.***, 626 F.3d 424, 427 (8th Cir. 2010). Decisions from the Missouri Court of Appeals may be the best evidence of Missouri law if the Supreme Court of Missouri has not spoken. ***Washington***, 655 F.3d at 873. Since *Schwartz* ignored controlling precedent by the Supreme Court of Missouri as well as pertinent statutory history, *Schwartz* is not the best evidence of Missouri law. ***Rashaw***, 685 F.3d at 741-44.

Absent an intervening opinion by a Missouri court,[2] *Rashaw* controls this appeal. The Washingtons attack *Rashaw*'s interpretation of Missouri case law and statutory history, but it "is a cardinal rule in our circuit that one panel is bound by the decision of a prior panel." ***Mader v. United States***, 654 F.3d 794, 800 (8th Cir. 2011) (en banc). The Washingtons assert that *Schwartz* should be treated as a prior decision of this court because it was removed to the district court after some plaintiffs (including the Schwartzes) settled. *See* ***Wong v. Bann-Cor Mortg.***, 918 F. Supp. 2d 941, 943 n.1 (W.D. Mo. 2013); ***Wong v. Bann-Cor Mortg.***, 878 F. Supp. 2d 989, 991 n.2 (W.D. Mo. 2012). The Washingtons believe that *Schwartz* became the "law of the case" after removal and thus has the same precedential value as an Eighth Circuit opinion. "'Law of the case' is a policy of deference under which 'a court should not reopen issues decided in earlier stages of the same litigation.'" ***In re Raynor***, 617 F.3d 1065, 1068 (8th Cir. 2010), *quoting* ***Agostini v. Felton***, 521 U.S. 203, 236 (1997). To the extent *Schwartz* is the "law of the case" after removal, it applies only in that litigation and has no precedential value here. *See **id.***

---

[2]This court asked the Supreme Court of Missouri to consider the following certified question: "Does § 516.130(2) or § 516.420 control plaintiffs' actions against a corporate mortgage lender under the Missouri Second Mortgage Loan Act?" The Supreme Court of Missouri declined the request, adhering to *Grantham v. Missouri Department of Corrections*, No. 72576, 1990 WL 602159, at *1 (Mo. banc July 13, 1990).

The MSMLA is subject to the limitations period of § 516.130(2). *Rashaw*, 685 F.3d at 744. The district court did not err in applying the three-year statute of limitations.

II.

The Washingtons argue for a "continuing or repeated wrong" exception to the three-year statute of limitations. This court reviews de novo a district court's determination of state law, applying the same standard as the district court. *Salve Regina Coll.*, 499 U.S. at 231.

The MSMLA says, "No charge other than that permitted by section 408.232 [contract interest] shall be directly or indirectly charged, contracted for or received in connection with any second mortgage loan, except as provided in [the list of charges in] this section [408.233]." **§ 408.233.1 RSMo**. Additionally, "Any person violating the provisions of [the MSMLA] shall be barred from recovery of any interest on the contract." **§ 408.236 RSMo**. The Washingtons correctly interpret these sections to mean that an MSMLA violation occurred each time Countrywide "charged" or "received" a monthly payment. *Washington*, 655 F.3d at 875 (collection of prepaid interest "was an additional violation of the statute").

Under Missouri law, the statute of limitations does not begin "when the wrong is done" or the "breach of contract or duty occurs." **§ 516.100 RSMo**. Rather, the statute of limitations begins when the "damage resulting therefrom is sustained and is capable of ascertainment." *Id*. When the fact of damage is capable of ascertainment, the statute of limitations is put in motion, even if the amount of damage is unascertained. *Davis v. Laclede Gas Co.,* 603 S.W.2d 554, 556 (Mo. banc 1980) ("[I]f the wrong done is of such a character that it may be said that all of the damages, past and future, are capable of ascertainment in a single action so that the entire damage accrues in the first instance, the statute of limitation begins to run from that

time."); ***M & D Enters., Inc. v. Wolff***, 923 S.W.2d 389, 394 (Mo. App. 1996) ("When the fact of damage becomes capable of ascertainment, the statute of limitations is put in motion."). "Damage is capable of ascertainment when it can be discovered or is made known, even if its extent remains unknown." ***D'Arcy & Assoc's v. K.P.M.G. Peat Marwick, L.L.P.***, 129 S.W.3d 25, 29 (Mo. App. 2004).

The unlawful charges were listed on the HUD-1 settlement statement provided to the Washingtons before they signed the contract. The Washingtons also then learned their payment schedule. "[A]ll of the damages, past and future" were known to them when they signed the contract. *See* ***Davis,*** 603 S.W.2d at 556. Even if additional violations of the statute later occurred, the Washingtons could have maintained their entire MSMLA action—recovering all unlawful fees and barring all interest—immediately after closing. ***M & D Enters.***, 923 S.W.2d at 394 ("The test is when the plaintiff could have first successfully maintained the action."). The "entire damage" to the Washingtons was capable of ascertainment "in a single action" at that time. ***Davis***, 603 S.W.2d at 556. The "continuing or repeated wrong" exception does not apply in this case.

The Washingtons rely on *Vogel v. A.G. Edwards & Sons, Inc.*, 801 S.W.2d 746 (Mo. App. 1990). Investors sued to recover commissions their broker received by "churning" an investment account. ***Id.*** at 748. The Missouri Court of Appeals applied the "continuing or repeated wrong" exception, letting the investors recover "any damages they sustained from subsequent trades occurring within the [limitations period] immediately preceding the date the petition was filed." ***Id.*** at 755-56. The *Vogel* case is irrelevant here. "Separate" and "individual" trades from churning are "fresh injuries" not capable of ascertainment until made, unlike payments on an unlawful contract. ***Id.***

The district court properly declined to apply a "continuing or repeated wrong" exception in this case.

* * * * * * *

The judgment is affirmed.

_____