# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 13-1881

———————————————

Elaine T. Huffman; Charlene S. Sandler

*Plaintiffs - Appellants*

v.

Credit Union of Texas

*Defendant - Appellee*

——————————

Appeal from United States District Court
for the Western District of Missouri - Kansas City

——————————

Submitted: February 13, 2014
Filed: July 11, 2014

——————————

Before RILEY, Chief Judge, LOKEN and BYE, Circuit Judges.

——————————

LOKEN, Circuit Judge.

In this class action removed from state court, named plaintiffs Elaine T. Huffman and Charlene S. Sandler alleged that the Credit Union of Texas ("CUT") violated the Missouri Uniform Commercial Code ("Mo UCC") and the Missouri Merchandising Practices Act ("MMPA") by participating in a subprime motor vehicle lending program administered by now-bankrupt Centrix Financial, LLC ("Centrix").

The district court[1] granted CUT's motion for judgment on the pleadings dismissing the Mo UCC claims as time-barred by Mo. Rev. Stat. § 516.120(2), as construed by this court in Rashaw v. United Consumers Credit Union, 685 F.3d 739 (8th Cir. 2012), cert. denied, 133 S. Ct. 1250 (2013). After extensive discovery, the district court then concluded that plaintiffs' MMPA claims were likewise time-barred by § 516.120(2) and entered final summary judgment in CUT's favor. Plaintiffs appeal both rulings. Reviewing these rulings *de novo*, we affirm.

Plaintiffs obtained secured motor vehicle loans that were then assigned to CUT under a "Portfolio Management Program" administered by Centrix acting as agent for lending credit unions. Sandler signed a retail installment contract in October 2002. Huffman signed hers in January 2003. Plaintiffs allege that the contracts violated the MMPA by failing to disclose that the loan costs included premiums for insurance protecting the lender from borrower defaults and repossessions. Both vehicles were repossessed by Centrix as agent of CUT in January 2005, and subsequently sold. Centrix mailed plaintiffs pre-sale notifications on the day their cars were repossessed and post-repossession letters, dated March 2005, setting forth deficiency balances following sale of the repossessed cars. Plaintiffs allege that CUT violated the Mo UCC when Centrix failed to comply with consumer-goods notice requirements in Mo. Rev. Stat. § 400.9-614 before selling the repossessed vehicles.

Plaintiffs filed their class action complaint in state court on November 24, 2010. Missouri law governs their claims. Section 516.120(2) provides that "[a]n action upon a liability created by a statute other than a penalty or forfeiture" shall be commenced "[w]ithin five years." Thus, if the district court correctly ruled that § 516.120(2) is the applicable statute of limitations and that each cause of action accrued no later than March 2005, plaintiffs' claims are time-barred.

---

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

# I. The Mo UCC Claims.

Plaintiffs argue their Mo UCC claims are not time-barred by § 516.120(2) because they are governed by the six-year statute of limitations in § 516.420 for "suits against moneyed corporations . . . to recover any penalty or forfeiture imposed . . . by the act of incorporation or any other law." They rely on Schwartz v. Bann-Cor Mortgage, 197 S.W.3d 168, 178 (Mo. App. 2006), which applied § 516.420's six-year statute of limitations to a similar claim.

In Rashaw, we considered Mo UCC claims against another credit union participating in the Centrix Program that were filed more than five but less than six years after allegedly deficient collateral-disposition notices. After considering the lengthy history of these statutes of limitations, we concluded that the Supreme Court of Missouri would reject the reasoning in Schwartz as contrary to the statutory history and to early decisions of that Court establishing that § 516.420 does not apply to civil actions. 685 F.3d at 742-45. Plaintiffs in Rashaw, represented by the same attorneys as plaintiffs in this action, unsuccessfully petitioned for rehearing en banc by this court, and for a writ of certiorari by the Supreme Court of the United States, arguing that the panel decision violated Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938), by failing to follow a controlling intermediate appellate state court opinion.

These same attorneys recently made the same argument to another panel of this court in Washington v. Countrywide Home Loans, Inc. After the Supreme Court of Missouri declined to take up the panel's certified question whether Schwartz or Rashaw properly reflects Missouri law, the panel held that Rashaw is controlling Eighth Circuit law. 747 F.3d 955, 958 & n.2 (8th Cir. 2014). Like the panel in Washington, we are bound by our decision in Rashaw that the six-year statute of limitations in § 520.420 does not apply to civil actions under the Mo UCC. See Mader v. United States, 654 F.3d 794, 800 (8th Cir. 2011) (en banc) ("a cardinal rule in our circuit [is] that one panel is bound by the decision of a prior panel"). As

-3-

plaintiffs' Mo UCC claims accrued when their vehicles were repossessed in March 2005, the claims are time-barred, whether they are subject to the five-year statute of limitations in § 516.120(2), or the three-year statute of limitations in § 516.130(2) for "[a]n action under a statute for a penalty or forfeiture." We deny plaintiffs' motion to supplement the record and to take judicial notice of various Missouri legislative materials related to § 516.420.

## II. The MMPA Claims

The MMPA prohibits "deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale . . . of any merchandise." Mo. Rev. Stat. § 407.020(1). The statute provides a private civil action to one "who purchases . . . merchandise primarily for personal . . . purposes and thereby suffers an ascertainable loss . . . as a result of the use or employment by another person of a . . . practice declared unlawful by section 407.020." Mo. Rev. Stat. § 407.025(1). Plaintiffs allege that federal and Missouri statutes governing vehicle sales required that the payment of default insurance premiums be disclosed to the purchaser at the time they financed their purchases, and that this failure to disclose violated the MMPA.

The MMPA contains no special statute of limitations, so the five-year statute of limitations in § 516.120 applies to civil actions brought under § 407.025(1). Ullrich v. CADCO, Inc., 244 S.W.3d 772, 778 n.3 (Mo. App. 2008), followed in Owen v. Gen. Motors Corp., 533 F.3d 913, 921 n.6 (8th Cir. 2008). As plaintiffs purchased the vehicles in late 2002 and early 2003 and filed their action asserting MMPA claims in November 2010, are these claims time-barred? Resolving this question requires careful consideration of two different subsections of § 516.120.

**A.** A Missouri statute first enacted in 1919 provides that, "for purposes of sections 516.100 to 516.370, the cause of action shall not be deemed to accrue when

the wrong is done or the technical breach of contract or duty occurs, but when the damage resulting therefrom is sustained and is capable of ascertainment." § 516.100. Accrual of a cause of action under § 516.120(2) is governed by § 516.100. Under § 516.100, "the statute of limitations begins to run when the evidence was such to place a reasonably prudent person on notice of a potentially actionable injury." Powel v. Chaminade Coll. Preparatory, Inc., 197 S.W.3d 576, 582 (Mo. banc 2006) (quotation omitted). This is an objective test. "Damage is ascertainable when the fact of damage can be discovered or made known, not when the plaintiff actually discovers injury or wrongful conduct. All possible damages do not have to be known, or even knowable, before the statute accrues." Klemme v. Best, 941 S.W.2d 493, 497 (Mo. banc 1997) (citations omitted).

The district court ruled that plaintiffs' MMPA causes of action accrued when they executed the retail installment contracts because "[t]he loan documents disclosed the amount financed, which was more than the price of the cars." We have some doubt whether this was a correct application of the "capable-of-ascertainment" standard in § 516.100 to plaintiffs' ill-defined damage claims. But we have no doubt the district court's alternative ruling was correct -- that the "fact of damage" from the alleged wrongful non-disclosure was made known to plaintiffs when their vehicles were repossessed, the repossessed cars were sold, and plaintiffs received deficiency notices in March 2005 advising that, even though they had made substantial down payments and installment payments, they still owed more than the value of the vehicles when they were purchased.[2] At that point, plaintiffs' "legal injury was complete," and the five-year statute of limitations under § 516.120(2) began to run. See Dixon v. Shafton, 649 S.W.2d 435, 438 (Mo. banc 1983).

---

[2]Sandler and Huffman testified that they were aware of harm caused by CUT's allegedly illegal credit practices when their vehicles were repossessed in January 2005 and when they received post-repossession communications in March 2005.

Plaintiffs argue their MMPA claims did not accrue until their attorneys advised that the installment contracts "concealed" charges for default insurance premiums. Missouri law is to the contrary. A claim accrues when the plaintiff is on "'inquiry notice' of the wrong and damages." Powel, 197 S.W.3d at 583. When the fact of damage is capable of ascertainment, the cause of action accrues, and plaintiff is obliged to discover and sue to redress the wrong that has caused that injury. See Chem. Workers Basic Union, Local No. 1744 v. Arnold Sav. Bank, 411 S.W.2d 159, 164-65 (Mo. banc 1966).

**B.** On appeal, plaintiffs primarily argue that § 516.120(5), not § 516.120(2), is the statute of limitations that applies to their MMPA claims. Subsection (5) provides that, in "[a]n action for relief on the ground of fraud, the cause of action [is] deemed not to have accrued until the discovery by the aggrieved party, at any time within ten years, of the facts constituting the fraud." When subsection (5) applies, "a claim of fraud also has a five-year limit, but it begins to run only upon 'the discovery by the aggrieved party, at any time within ten years, of the facts constituting the fraud.'" Klemme, 941 S.W.2d at 497. The Supreme Court of Missouri applies the plain and ordinary meaning to the term "fraud" in § 516.120(5); thus, a claim of constructive fraud is governed by § 516.120(4), a subsection to which the capable-of-ascertainment standard applies. Id. at 496-97; see Koester v. Am. Republic Inv., Inc., 11 F.3d 818, 821-22 (8th Cir. 1993).

Use of "fraud" in connection with the sale of merchandise is one of the unlawful practices enumerated in § 407.020(1) of the MMPA. But the MMPA's consumer protections extend far beyond common law fraud. "It is not necessary in order to establish 'unlawful practice' to prove the elements of common law fraud." Huch v. Charter Commc'ns, Inc., 290 S.W.3d 721, 724 (Mo. banc 2009) (quotation omitted). Unlike common law fraud claims, to recover under the MMPA, a consumer-purchaser need not prove that the seller had actual knowledge of an undisclosed

material fact, reliance by the plaintiff, or the seller's intent to induce reliance; in addition, the definition of "material fact" in the applicable MMPA regulations is broader than the materiality requirement of common law fraud. Hess v. Chase Manhattan Bank, USA, N.A., 220 S.W.3d 758, 773-74 (Mo. banc 2007). Thus, at least in most cases, an MMPA claim would be governed by the five-year statute of limitations in § 516.120(2) and its capable-of-ascertainment standard.

On the other hand, § 516.120(5) applies to actions "for relief on the ground of fraud," which suggests that the five-year statute of limitations for a narrow subclass of MMPA claims -- those based on allegations of "fraud" -- may be governed by subsection (5). In Hess, for example, after a jury upheld plaintiff's claim of common law fraud, plaintiff appealed the trial court's pretrial dismissal of a parallel MMPA claim. The Supreme Court held that the dismissal was improper, retroactively applying an expansion of the MMPA private cause of action. The Court then held that the jury's fraud verdict established defendant's MMPA liability if plaintiff was a consumer purchaser and remanded for determination of whether plaintiff was entitled to additional MMPA remedies. Although the statute of limitations was not at issue in Hess, we predict that if the plaintiff's fraud claim in Hess had warranted an extension of the five-year statute of limitations under § 516.120(5), the Court would have granted the same extension to plaintiff's claim "for relief on the ground of fraud" under the MMPA.

Even if this prediction is correct, however, we conclude that plaintiffs' MMPA claims are nonetheless time-barred in this case for two reasons. First, these MMPA claims are not for relief on the ground of common law fraud. As the district court noted, plaintiffs' installment sales contracts accurately disclosed the sale prices of the vehicles, the annual percentage interest rates, the total finance charges, the amount of monthly payments, and the total amounts to be paid over the life of each loan. Though plaintiffs were informed of the true cost of financing their installment

purchases, they allege that the failure of CUT's agent, Centrix, to disclose that the transactions included the payment of default insurance premiums violated the MMPA because this disclosure was required by the federal Truth in Lending Act, 15 U.S.C. § 1605(a), and by Missouri statutes such as the Motor Vehicle Time Sales Act, the Consumer Loan Act, and the Retail Credit Sales Act. These are claims based on statutory and regulatory requirements, not common law fraud. Therefore, the five-year statute of limitations in § 516.120(2) applies because plaintiffs' MMPA claims are "action[s] based upon a liability created by a statute other than a penalty."

Second, even if § 516.120(5) applied to plaintiffs' MMPA claims, they are still time-barred. Plaintiffs argue their actions are not time-barred because they did not learn "the facts constituting the fraud" until the class action lawyers informed them in November 2010 of the allegedly unlawful non-disclosure that the lender would purchase default insurance. But under § 516.120(5), the five-year statute of limitations "begins to run upon discovery of the facts constituting the fraud *or when the fraud would have been discovered by the exercise of due diligence*." Creative Mktg. Assoc., Inc. v. AT & T, 476 F.3d 536, 539 (8th Cir. 2007) (emphasis added); see Gilmore v. Chicago Title Ins. Co., 926 S.W.2d 695, 698-99 (Mo. App. 1996). Here, plaintiffs would have discovered the alleged fraud by the exercise of due diligence no later than March 2005, when they received the notices of deficiency. Thus, in this case, plaintiffs' MMPA claims are time-barred because the causes of action accrued no later than March 2005 under either § 516.120(2) or § 516.120(5).

For the foregoing reasons, we conclude that plaintiffs' Mo UCC and MMPA claims are time-barred. Therefore, the judgment of the district court is affirmed.

_____

-8-