Under the de novo standard of review, appellate courts use the same decision criteria as the lower courts. In the context of a dismissal based on a statute of limitations defense, "[i]f it clearly appears on the face of the petition that the cause of action is barred by the applicable statute of limitations, the motion to dismiss is properly sustained." Armistead v. A.L.W. Grp. , 60 S.W.3d 25, 26 (Mo. App. E.D. 2001). In the context of summary judgment, we will affirm if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 74.04(c)(6); ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp. , 854 S.W.2d 371, 378 (Mo. banc 1993). For defendants seeking summary judgment on a properly pleaded affirmative defense, there must be no genuine dispute as to the facts required to support the defense. Id. at 381. Here, there is no dispute as to the material facts pertaining to the statute of limitations defense at issue.
Analysis
Borrowers raise six points on appeal. In their first point, they argue that the court erred in granting Lenders' dismissal and summary judgment motions based on the statute of limitations because Borrowers' claims are subject to the six-year limitations period in § 516.420, rather than the three-year limitations period in § 516.130(2). In their remaining five points, Borrowers argue that the court erred in finding their claims time barred under the three-year statute of limitations in § 516.130(2) because, even under the shorter limitations period, their claims are timely based on the following legal theories: (1) HOEPA's derivative liability (Point II), (2) accrual of claims against Lenders occurs when they acquire or begin servicing the loans (Point III), (3) the "continuing or repeated wrong" exception to accrual of claims (Point IV), (4) the relation back doctrine (Point V), and (5) class action tolling (Point VI).[16]
The initial issue on appeal is whether Borrowers' MSMLA claims are subject to the three-year limitations period in § 516.130(2), as the trial court found, or the six-year limitations period in § 516.420, as we concluded in Schwartz *433 and Borrowers advocate here (Point I).[17] Because we conclude that § 516.420 applies and Borrowers' claims must be brought within six years, we need not reach Borrowers' alternative arguments regarding the timeliness of their claims under the shorter limitations period (Points II-VI). We begin our analysis by examining the language of §§ 516.130(2) and 516.420.
1. Statutory Language
"Our primary rule in construing statutes is to determine the legislature's intent through the language used." Mitchell , 334 S.W.3d at 502. We must "presume every word, sentence or clause in a statute has effect." Bateman v. Rinehart , 391 S.W.3d 441, 446 (Mo. banc 2013). But we will not add words that the legislature did not include when drafting the statute. Ryder Student Transp. Servs., Inc. v. Dir. of Revenue , 896 S.W.2d 633, 635 (Mo. banc 1995).
In relevant part, § 516.130(2) states, "[a]n action upon a statute for a penalty or forfeiture, where the action is given to the party aggrieved, or to such party and the state" must be brought "[w]ithin three years."[18] The MSMLA provides for penalties and forfeiture. Mitchell , 334 S.W.3d at 503 ; Schwartz , 197 S.W.3d at 178. And, under the MSMLA, the cause of action is given to the aggrieved party. Thus, on its face, § 516.130(2) applies to Borrowers' MSMLA claims.
Section 516.420 states,
[n]one of the provisions of sections 516.380 to 516.420[19 ] shall apply to suits against moneyed corporations or against the directors or stockholders thereof, to recover any penalty or forfeiture imposed, or to enforce any liability created by the act of incorporation or any other law; but all such suits shall be brought within six years after the discovery by the aggrieved party of the facts upon which such penalty or forfeiture attached, or by which such liability was created.
*434 Because § 516.420 also applies to actions to recover "any penalty or forfeiture imposed," it also facially applies to Borrowers' MSMLA claims, assuming that Lenders are "moneyed corporations," which Lenders do not contest. The overlap between §§ 516.130(2) and 516.420 is resolved by § 516.300, which states, "[t]he provisions of sections 516.010 to 516.370 shall not extend to any action which is or shall be otherwise limited by any statute; but such action shall be brought within the time limited by such statute." Thus, where both §§ 516.130(2) and 516.420 apply, the latter governs, and MSMLA claims must be brought within six years.
This is the same conclusion this court reached in Schwartz in 2006, which involved MSMLA claims similar to those asserted by Borrowers. Most of the analysis in Schwartz focused on whether the defendant mortgage finance company was a "moneyed corporation" as that term is used in § 516.420. Having concluded that the company was a "moneyed corporation," we then found the claims to be governed by that section's six-year limitations period, stating, "[s]ection 516.130(2) would apparently apply here if this were not an action against a 'moneyed corporation.' Section 516.420 is the more specific statute of the two because it deals with claims against 'moneyed corporations.' " Schwartz , 197 S.W.3d at 178 (internal footnote omitted). In reaching that conclusion, we focused primarily on the wording of § 516.420, noting that it applies to claims under the MSMLA to recover "a 'penalty or forfeiture' and ... to 'enforce any liability created by ... any other law' [against] 'moneyed corporations' ...." Id. "The apparent overall purpose [of § 516.420 is] to allow the pursuit of remedies against a corporation ... where the corporation ... ha[s] violated a statutory requirement.... Accordingly, the Missouri statute governs claims against a mortgage company arising out of a[n MSMLA] violation." Id. at 176-77.
Contrary to our holding in Schwartz , Lenders argue that there is no overlap in applicability between §§ 516.130(2) and 516.420 because § 516.130(2) applies to civil causes of action for penalties authorized by statutes like the MSMLA, while § 516.420 applies exclusively to criminal causes of action for penalties authorized by criminal statutes. In support of this contention, Lenders make two arguments. First, Lenders claim that the language of §§ 516.380-.420 demonstrates that the statutes apply to only criminal causes of action. Second, Lenders argue that § 516.420 's introductory reference to §§ 516.380-.420 makes its six-year statute of limitations an exception to only those sections and not to the limitations period in § 516.130. For ease of discussion, we address Lenders' second argument first.
Lenders argue that, by referring to §§ 516.380-.410 in the introductory phrase, the legislature intended for § 516.420 's six-year statute of limitations to be an exception to only those sections listed and, thus, inapplicable to causes of action otherwise governed by § 516.130. In other words, Lenders see the omission of § 516.130 from that list as "substantive and intentional."
Contrary to Lenders' argument, § 516.420 applies beyond just those causes of action identified in §§ 516.380-.410 insofar as it also addresses "suits against moneyed corporations ... to recover any penalty or forfeiture imposed, or to enforce any liability created by the act of incorporation or any other law. " (Emphasis added.) While §§ 516.380-.400 apply to only actions for penalties or forfeiture, § 516.420 applies to those types of actions as well as actions to enforce liabilities. Penalties and liabilities are not the same *435 things. See Vroom v. Thompson , 55 S.W.2d 1024, 1026-27 (Mo. App. 1932) (distinguishing between statutory actions for "exemplary damages" for the commission of acts prohibited by statute-a penalty-and actions to recover damages for actual loss-a liability); State v. Virgilito , 377 S.W.2d 361, 364-65 (Mo. 1964) (distinguishing statutes that create penalties from those that prescribe a procedure for enforcement of a contractual provision in a civil action). In light of the additional language in § 516.420, the list at the beginning does not serve to limit § 516.420 's application to only those actions otherwise subject to the listed sections.[20]
Moreover, as discussed above, the existence of § 516.300 negates any need for an express reference to § 516.130 before the six-year statute of limitations will be applied to actions against moneyed corporations for penalties or forfeiture brought by an aggrieved party.[21] In stating that "[t]he provisions of sections 516.010 to 516.370 shall not extend to any action which is or shall be otherwise limited by any statute," § 516.300 clearly establishes that, when an action that would otherwise be subject to a limitations period in §§ 516.010 to 516.370 is subject to a different limitations period in a separate statute, such as § 516.420 here, that different limitations period controls. But, even in the absence of § 516.300, "[i]t is a well-settled principle of statutory interpretation ... that '[w]here there is no clear intention otherwise , a specific statute will not be controlled or nullified by a general one, regardless of the priority of enactment.' " Dieser v. St. Anthony's Med. Ctr. , 498 S.W.3d 419, 431 (Mo. banc 2016) (emphasis added) (quoting Earth Island Inst. v. Union Elec. Co. , 456 S.W.3d 27, 33 (Mo. banc 2015) ). Here, because § 516.420 is more specific insofar as it applies only when an action is against a moneyed corporation, it controls, and the applicable statute of limitations in this case is six years.
Because § 516.420 applies beyond just those actions mentioned in §§ 516.380-.400, we need not address Lenders' first argument that those other sections apply exclusively to criminal matters, thereby making § 516.420 's reference to them render § 516.420 exclusively criminal as well. For, even if Lenders were correct about the exclusively criminal nature of §§ 516.380-.400 (a proposition we do not address), that simply means that § 516.420 applies to both criminal and civil matters and is, therefore, not exclusively criminal.
For these reasons, we reject Lenders' reading of § 516.420 as applying the statute's six-year statute of limitations exclusively to causes of action that, but for the defendant's status as a moneyed corporation, would be subject to the statute of limitations in §§ 516.380-.400. The express language of § 516.420 covers claims for penalties authorized by civil statutes like the MSMLA.
2. Case Law
Our analysis of the statutory language is consistent with our holding in Schwartz that MSMLA claims are governed by the six-year limitations period in § 516.420. However, as Lenders point out, the Eighth Circuit has reached a contrary conclusion in Rashaw and its progeny. Rashaw , 685 F.3d at 744 ; Washington , 747 F.3d at 958 ; Thomas , 789 F.3d at 902 ;
*436 Wong , 789 F.3d at 898.[22] But federal case law interpreting a Missouri statute is not binding on this court's interpretation of that statute. Russell v. Healthmont of Mo., LLC , 348 S.W.3d 784, 787 (Mo. App. W.D. 2011). And for several reasons, we disagree with the Eighth Circuit.
To begin, Rashaw involved claims under the Missouri Uniform Commercial Code and the Missouri Merchandizing Practices Act; it did not involve any claims under the MSMLA. Nevertheless, the Rashaw court considered and rejected our holding in Schwartz , finding that Schwartz had "ignored both relevant legislative history and what should have been controlling (though dated) [Missouri] Supreme Court precedents."[23] Rashaw , 685 F.3d at 744. And, in a later case relying on Rashaw , the court concluded that Schwartz "was not the best evidence of Missouri law." Washington , 747 F.3d at 958.
In reaching its conclusion, the Rashaw court relied on two Missouri Supreme Court cases (from 1914 and 1929)[24] and one Kansas City Court of Appeals case from 1932.[25] But none of those cases mentioned or addressed the application of § 516.420. And, though two of them involved suits against moneyed corporations, none of the parties in those cases argued that § 516.420 applied, and that fact limits the precedential value of those cases. "Judicial decisions must be construed with reference to the facts and issues of the particular case, and ... the authority of the decision as a precedent is limited to those points of law which are raised by the record, considered by the court, and necessary to the decision." State ex rel. Tivol Plaza v. Mo. Comm'n on Human Rights , 527 S.W.3d 837, 845 (Mo. banc 2017) (quoting Byrne & Jones Enter. v. Monroe City R-1 Sch. Dist. , 493 S.W.3d 847, 855 (Mo. banc 2016) ). More importantly, to interpret the three older cases to mean that § 516.420, a statute not mentioned in any of the cases, is limited to cases involving criminal causes of action for penalties would require us to ignore the plain language of § 516.420, which we cannot do. For the reasons we discussed earlier, the plain language of § 516.420 indicates that its reach is broader. Accordingly, we disagree with the Eighth Circuit's conclusion that these three dated Missouri cases are the "best evidence of Missouri law" as to the meaning of § 516.420, and, as such, dictated a different outcome in Schwartz .[26]
*437 The Rashaw court also relied on legislative history to conclude that § 516.420 applied exclusively to criminal causes of action. More specifically, the Rashaw court pointed out that, over the course of its lifetime, the statutory language that is now present in § 516.420 has, at times, been placed within the criminal code.[27] However, under our rules of statutory construction, "[w]hen a statute is clear and unambiguous, extrinsic aids to statutory construction cannot be used." State ex rel. Nixon v. Fru-Con Constr. Corp. , 90 S.W.3d 533, 536 (Mo. App. E.D. 2002) (quoting Blue Springs Bowl v. Spradling , 551 S.W.2d 596, 599 (Mo. banc 1977) ). "Missouri courts do not have the authority to read into a statute a legislative intent that is contrary to its plain and ordinary meaning." Id. ; see Simpson v. Simpson , 352 S.W.3d 362, 365 (Mo. banc 2011) ("[w]hen 'the intent of the legislature is clear and unambiguous' by giving the statutory language its plain and ordinary meaning, both this Court and the court of appeals are bound by that language and cannot resort to statutory interpretation") (quoting Goerlitz v. City of Maryville , 333 S.W.3d 450, 455 (Mo. banc 2011) ). Because the language of § 516.420 is clear and unambiguous, we need not resort to principles of statutory construction.
From its original enactment, the language in what is now § 516.420 has remained clear and remarkably consistent. When initially adopted, that section read:
None of the provisions of this chapter[28 ] shall apply to suits against moneyed corporations, *438 ... to recover any penalty or forfeiture imposed, or to enforce any liability created by the act of incorporation, or any other law; but all such suits shall be brought within six years after the discovery, by the aggrieved party, of the facts upon which such penalty or forfeiture attached or by which such liability was created.
Mo. Gen. Stat. 1866, Ch. 190, § 10. The use of broad language like "any liability created by the act of incorporation, or any other law," and the inclusion of language that commenced the running of the statute of limitations upon discovery by the aggrieved party of the facts upon which the penalty attached or the liability was created, demonstrate a legislative intent to enact a statute broadly protecting persons aggrieved by statutory violations committed by moneyed corporations. See Schwartz , 197 S.W.3d at 176 ("The adoption of a six-year limitations period from 'discovery of the facts' upon which such penalty or forfeiture attached shows a legislative desire to allow victims of unlawful practices a significant period of time to enforce their claims for a penalty or forfeiture.").
But, even if we were to consider legislative history, it would support our holding that § 516.420 is not limited to criminal causes of action. The language of the precursor to § 516.420 was nearly identical to the New York statute on which § 516.420 was modeled. The New York statute was a specific statute of limitations applicable to civil causes of action generally, both as enacted in 1829, and as it existed, after recodification, when the predecessor of § 516.420 was first enacted in Missouri. Div. of Labor Standards, Dep't of Labor and Indus. Relations, State of Mo. v. Walton Constr. Mgmt. Co. , 984 S.W.2d 152, 154 (Mo. App. W.D. 1998) (analyzing history of § 516.420 and its relation to the New York statute); Schwartz , 197 S.W.3d at 171-74 (finding it appropriate to consider New York's definition of "moneyed corporation" in construing that term for purposes of § 516.420 ).
Today, §§ 516.380-.420 are grouped together as "Actions on Penal Statutes" within Chapter 516, "Civil Procedure and Limitations; Statutes of Limitation." The current placement of §§ 516.380-.420 dates back to 1949. Although we typically do not consider the names of articles or chapters in construing statutes, Gurley v. Mo. Bd. of Private Investigators Exam'rs , 361 S.W.3d 406, 413 (Mo. banc 2012), the recodification of 1949 is different because it was approved by the legislature and thus reflects its intent.[29]
In 1949, as part of a comprehensive initiative to "classify and arrange the entire body of statute laws in a logical order throughout the volumes, the arrangement to be such as w[ould] enable subjects of a kindred nature to be placed under one general head[ing]," §§ 516.380-.420 were moved from the criminal procedures code to their current location in Chapter 516. Report No. 11, Plan for the Arrangement of the Revised Statutes of 1949 and Report on Statute Revision, pp. 5, 17, 38 and Appendix, p. 1213-14. As approved by the Legislature, the "chief advantage" of the 1949 revisions "[wa]s that it br[ought] together the laws that are the same kind of laws, or that are intended to accomplish the same general purpose...." Id. at p. 4. Thus, the decision to relocate what are today §§ 516.380-.420 to Chapter 516 reflects the Legislature's intent to clarify that § 516.420 applies to civil actions, consistent with the clear and unambiguous language of that section. Thus, we reject Rashaw 's conclusion that legislative history *439 dictates that § 516.420 applies exclusively to criminal causes of action.
Finally, when presented with the claim that the broad language of § 516.420 renders it applicable to all statutory actions against moneyed corporations, the Eighth Circuit rejected the argument in a footnote, noting that the argument "plainly cannot survive the statute's limited application to penal statutes." Rashaw , 685 F.3d at 744 n.6. But, in rejecting this argument, the Eighth Circuit mistakenly equated the word "penal" with "criminal." See , e.g. , id. at 744 (concluding that, "[a]s construed by the Supreme Court of Missouri since at least ... 1914, [ § 516.420 ] applied only to penalties and forfeitures authorized by criminal ('penal') statutes, not to penalties and forfeitures authorized in civil statutes, which are governed by § 516.130(2)"). The word "penal" does not necessarily mean criminal. "Penal" means "of, relating to, or involving punishment, penalties, or punitive institutions...." Penal , MERRIAM-WEBSTER.COM , https://www.merriam-webster.com/dictionary/penal (last visited April 16, 2018). A penalty that is punitive in nature can arise in either a civil or a criminal cause of action. The proper dichotomy is penal versus remedial rather than penal versus civil. Vroom , 55 S.W.2d at 1026.
In short, for the reasons discussed herein, we reject the Eighth Circuit's conclusion in Rashaw and its progeny that § 516.420 applies exclusively to criminal causes of action. Because the plain language of the statute indicates that it applies whenever a suit is filed against a moneyed corporation, and here, the defendants were all moneyed corporations, the six-year statute of limitations applies. Thus, Point I is granted.
Having found that Borrowers' claims are subject to the six-year statute of limitations in § 516.420,[30] rather than the three-year limitations period in § 516.130(2), we do not reach Borrowers' alternative arguments regarding the timeliness of their claims under § 516.130(2) (Points II-IV).
Conclusion
Accordingly, we reverse the motion court's decision to grant BNYM's, Ocwen's, and Republic's motions to dismiss Borrowers' claims as untimely. Likewise, we reverse the court's decision to grant summary judgment to Impac, Wilmington, and Chase on the statute of limitations defense. We remand the case for further proceedings consistent with this decision, including a determination of BNYM's motion to dismiss for lack of personal jurisdiction.[31]
Thomas H. Newton, Presiding Judge, and Victor C. Howard, Judge, concur.

The trial court did not address any of Borrowers' alternative arguments with regard to the timeliness of their suit under the three-year limitations period, but the court's orders implicitly rejected those arguments.

To date, the Missouri Supreme Court has not ruled on the applicability of § 516.130(2) or § 516.420 to MSMLA claims. The Eighth Circuit previously asked the Missouri Supreme Court to consider the following certified question: "Does § 516.130(2) or § 516.420 control plaintiffs' actions against a corporate mortgage lender under the Missouri Second Mortgage Loan Act?" The Missouri Supreme Court declined the request, adhering to Grantham v. Missouri Department of Corrections , No. 72576, 1990 WL 602159, at *1 (Mo. banc July 13, 1990), which held that the Missouri Constitution "do[es] not expressly or by implication grant the Supreme Court of Missouri original jurisdiction to render opinions on questions of law certified by federal courts." See Washington v. Countrywide Home Loans, Inc. , 747 F.3d 955, 958 n.2 (8th Cir. 2014).

Chapter 516 of the Missouri Revised Statutes does not contain definitions of either "penalty" or "forfeiture." Historically, we have adopted broad definitions of these terms. A "penalty" is "a sum of money of which the law exacts payment by way of punishment for doing some act that is prohibited.... It is an elastic term with many different shades of meaning." Julian v. Burrus , 600 S.W.2d 133, 141 (Mo. App. W.D. 1980) (quoting 70 C.J.S. Penalties § 1, pp. 387-89 ). "Forfeiture" is "a comprehensive term which ... means a divestiture of specific property without compensation, in consequence of some default or act forbidden by law." Id. (quoting 37 C.J.S. Forfeiture § 1, p. 4).

The reference to § 516.420 within § 516.420"is not a typographical error; section 516.420 includes itself within the range of statutes that do not apply in the circumstances described in that section. No party suggests (and [we do] not believe) that [the reference to § 516.420 in that section] should be taken literally because that would completely deprive section 516.420 of all meaning." Moran v. Mo. Cent. Credit Union , No. 11-0189-CV-W-ODS, 2011 WL 2110824, *2 n.3 (W.D. Mo. May 26, 2011).

Historically, the sections listed in § 516.420 (§§ 516.380-.420 ) have been grouped together in the Revised Statutes of Missouri in the same chapter or sub-chapter, which may explain why those sections were singled out at the beginning of § 516.420.

Lenders neither mention nor address the effect of § 516.300 in any of their briefs.

In granting Lenders' motions to dismiss and for summary judgment, the motion court cited Rashaw v. United Consumers Credit Union , 685 F.3d 739 (8th Cir. 2012), three older Missouri cases cited therein, and the subsequent Eighth Circuit decisions applying Rashaw to MSMLA claims, adopting the Eighth Circuit's conclusion that MSMLA claims are subject to the three-year limitations period in § 516.130(2). The Orders granting Lenders' Motions to Dismiss and Motions for Summary Judgment do not, however, mention this court's opinion in Schwartz v. Bann-Cor Mortgage , 197 S.W.3d 168 (Mo. App. W.D. 2006).

This court's failure to address these cases in Schwartz is likely the result of the fact that the parties in that case focused their arguments on the proper definition of "moneyed corporation" and did not address whether the statute of limitations in § 516.420 applies exclusively to criminal causes of action or to those statutes mentioned at the beginning of § 516.420. It may also have been, as we hold here, because those cases are simply inapposite to the issue.

State ex inf. Attorney General v. Arkansas Lumber Co. , 260 Mo. 212, 169 S.W. 145 (Mo. 1914) ; State ex rel. Fichtner v. Haid , 324 Mo. 130, 22 S.W.2d 1045 (Mo. 1929).

Vroom v. Thompson , 55 S.W.2d 1024 (Mo. App. 1932).

Rashaw does not mention an even earlier decision in which the Supreme Court of Missouri applied the predecessor of § 516.400 to a suit to recover a civil penalty on a penal statute. Revelle v. St. Louis, I.M. & S. Ry. Co. , 74 Mo. 438, 441 (1881). It is equally plausible that Revelle , rather than Arkansas Lumber (cited by the Eighth Circuit), was the best evidence of Missouri law on whether § 516.400 applied to only criminal causes of action.

In the Revised Statutes of 1919, 1929, and 1939, the precursors to §§ 516.380 to 516.420 were located in the criminal procedures code. Mo. Rev. Stat., 1919, Ch. 25, §§ 3741-3745; Mo. Rev. Stat., 1929, Ch. 29, §§ 3396-3400; Mo. Rev. Stat., 1939, Ch. 30, §§ 3786-3790. But, when enacted in 1855, the predecessors of §§ 516.380 and 516.390 (setting the statutes of limitations for an action upon statute for a penalty or forfeiture where said penalty or forfeiture is given to the governmental actor or the private party that initiates the suit) were originally part of the same statute within Article II of Chapter 103. 1855 Mo. Laws, Ch. 103, Art. II, § 8. Article II began with a statute stating that "[c]ivil actions can only be commenced within the periods prescribed in the sections which follow, after the cause of action shall have accrued." Id. at § 1. Thus, it is clear that, as originally enacted, the predecessors to §§ 516.380 and 516.390 applied to civil causes of action. Missouri then added to Chapter 103, Art. II, the predecessor to § 516.400 (setting the statute of limitations for actions for penalty or forfeiture when said penalty or forfeiture is given to the aggrieved party). 1857 Mo. Laws, Art. II, §§ 1, 4-5, 8. Because, as we discuss below, when originally enacted, what is now § 516.420 applied to civil actions, its recodification as part of the criminal procedures code did not change that. When the placement and structure assigned during the codification process cannot be attributed to the legislature, they do not reflect its intent. See In re Marshall , 478 S.W.2d 1, 3 (Mo. banc 1972) (refusing to construe statute on the basis of the location and order of section numbers that were assigned in 1835 to an 1824 enactment and perpetuated thereafter in successive codifications). And, recodification of a statute generally does not alter its substance or construction. § 3.060.1; see Kansas City v. Travelers Ins. Co. , 284 S.W.2d 874, 878, (Mo. App. 1955) (finding that the Revision Committee, which had no legislative authority, could not alter the meaning or effect of a statute as originally enacted).

Although this opening clause ("No provision of this chapter") is broader than the beginning of today's § 516.420 ("None of the provisions of sections 516.380 to 516.420"), that does not change our analysis, which is based primarily of the expansive language of the remainder of § 516.420. The fact that § 516.420 opens by referring to §§ 516.380-.420 likely reflects the fact that those sections have been grouped together as a unit in the Missouri statutes since they were first enacted.

See discussion, infra , in note 27.

In their brief, Borrowers anticipate that three Lenders-Banc One (predecessor of Chase) and two members of Impac-will argue that, even under the longer limitations period in § 516.420, Borrowers' claims against them are barred. The briefs submitted by these Lenders suggest otherwise, however. According to Chase's brief, four loans originated by CFG in 1999 and 2000 were assigned to Banc One; those loans were issued fewer than six years before Banc One was joined as a defendant. In its brief, Impac does not suggest that claims against any of its members would be barred even under the longer limitations period.

The motion court's dismissal of BNYM was based solely on the statute of limitations defense; the court did not address BNYM's jurisdictional argument. Likewise, Borrowers did not address that argument on appeal. Under these circumstances, we remand for consideration of the jurisdictional argument and development of the record below on this issue.